### DOUGLASS *v.* THE STATE, EX REL. CHANEY.

PRINCIPAL AND SURETY.—*Extension of Time.*—*Consideration.*—Suit on the relation of a former ward on his guardian's bond.    Breach, failure to account and pay over to the relator, etc.    Answer, by the surety, that more than one year after the relator became of full age, he entered into a contract with his former guardian, that in consideration that he, the said guardian, would pay to the relator ten per cent. interest on the amount due him, he would extend the time of payment ninety days; which contract was made without the knowledge or consent of the surety; that at the time the contract for extension was made, the guardian was amply able to pay, and at the expiration of the time was insolvent and so ever since has remained.    It was not shown that any interest had been paid.

*Held,* that the agreement of the guardian furnished no valid consideration for the agreement of the ward to forbear for the ninety days.    The ward's hands were not tied by this contract, it being void for the want of a sufficient consideration, and he might have maintained an action at once for the money.

PAROL AGREEMENT TO PAY INTEREST.—*When Void.*—A parol agreement to pay more than six per cent. interest is void.

FORBEARANCE.—*Void Agreement.*—An agreement to pay six per cent. interest for forbearance, when the promisor is already bound by law to pay such rate without any new contract, is not a valid consideration for an agreement of forbearance.

From the Clinton Circuit Court.

*L. McClurg,* for appellant.

*H. Y. Morrison* and *T. H. Palmer,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, on the bond of Simeon Chaney as the guardian of the relator, the appellant being the surety on the

bond.   The breach alleged is, that the guardian has failed to report since the year 1864, and has failed to account for and pay over to the relator his part of the estate or any part thereof.

There does not seem to have been any service of process on the guardian, Simeon Chaney, but the defendant, Douglass, appeared and answered, amongst other things, as follows :

" Comes the defendant Douglass, and for further answer. says, that more than one year after the above named Brenton W. Chaney became of full age, he entered into a contract with his former guardian, Simeon Chaney, the terms of which were, that in consideration that the said Simeon would pay him ten per cent. interest on the amount due him, the plaintiff would extend the time for the payment of said sum for the space of ninety days, which was agreed upon by both of the parties ; that the said contract was made and entered into without the knowledge or consent of the defendant Douglass ; that at the time of making said contract, the defendant Chaney was engaged in speculating in railroad contracts, and was then amply able to pay the plaintiff the full amount due him ; that at the expiration of ninety days, the said Chaney had become insolvent, and has remained so insolvent ever since ; wherefore," etc.

A demurrer for want of sufficient facts was sustained to this paragraph of the answer, and the appellant excepted.

Such further proceedings were had as that final judgment was rendered for the plaintiff.

The only error assigned is based upon the ruling in sustaining the demurrer to the paragraph of the answer above set out.

We need not enter upon any consideration of the question whether such a contract as that set up in the pleading, between a guardian and his ward after the latter arrives of age, but before a settlement between himself and his guardian, can be maintained.

The contract set up in the pleading is void on other grounds.

The statute provides, " that interest upon the loan or forbearance of money, goods or things in action, shall be at the rate of six dollars a year upon one hundred dollars, and no greater rate of interest shall be taken, directly or indirectly, unless the agreement to pay a higher rate of interest be made in writing, and signed by the party to be charged; but such rate of interest shall in no case exceed the rate of ten dollars a year on one hundred dollars; but it may be taken yearly, or for any shorter period, in advance." 3 Ind. Stat. 317, sec. 1.

It may be observed that it does not appear by the pleading in question that any interest was paid, or was to be paid in advance, nor indeed that any interest was ever paid. The contract was, that the guardian would pay ten per cent. interest for the ninety days of forbearance.

This contract must be taken to have been made by parol, inasmuch as, if in writing, being the foundation of the defence, a copy thereof should have been set out.

Being in parol only, it was void and could not have been enforced. Conceding, without deciding, that the contract would be valid as a contract for the payment of interest at the rate of six per cent. per annum, this leaves the parties exactly where they stood without any contract at all; for we take it that, *prima facie* at least, the guardian was liable to the ward for the legal rate of interest on the money thus withheld. The contract then, if held valid as a contract for the payment of interest at the rate of six per cent. per annum, was a contract binding the guardian to do only what he was bound by law to do without any contract. This agreement of the guardian furnished no valid consideration for the agreement of the ward to forbear for the ninety days. *Ford* v. *Garner*, 15 Ind. 298; *Reynolds* v. *Nugent*, 25 Ind. 328. The ward's hands were not tied up by this contract, it being void for the want of a sufficient consideration, and he might have maintained an action at once for the money

due him, without subjecting himself to any action for the breach of any supposed contract made by him. In such case the surety is not discharged. The ruling on the demurrer was therefore correct.

The judgment below is affirmed, with costs and five per cent. damages.