## Hill *v.* Sleeper et al.

Payment.—*Pleading.*—*Action Originating Before a Justice.*—In any action on contract, for the recovery of money, originating before a justice of the peace, evidence of payment may be given without plea, either there or on appeal.

Same.—*Receipt.*—*New Note Taken for Old One.*—*Evidence.*—In an action on a joint promissory note, against the makers, the latter, on the trial, introduced in evidence a receipt executed by the plaintiff, acknowledging the receipt, from one of the defendants, of a certain sum in money, and his promissory note, to be applied on the promissory note of the other.

*Held*, that, in the absence of evidence identifying the note in suit as that described in the receipt, the evidence is insufficient to establish payment.

*Held*, also, that the taking of such new note is no payment of such joint note, unless taken under the express agreement that it was a payment, and at the risk of the plaintiff.

*Held*, also, such receipt having been so given in evidence, without objection, that evidence, showing that the note mentioned in the suit had not been paid, is proper.

From the Kosciusko Circuit Court.

*C. Clemans*, for appellant.

*A. G. Wood* and *W. G. Piper*, for appellees.

Howk, J.—The appellant, as plaintiff, sued the appellees, as defendants, before a justice of the peace of Kosciusko county, Indiana, on a promissory note executed by the appellees to the order of the appellant.

On the trial before the justice, there was a finding and judgment in favor of the appellant, and against the appellees, for the sum of one hundred and twenty-six dollars and fifty cents, and the costs of suit. From this judgment, there was an appeal by the appellees to the court below, where the cause was tried by a jury, and a verdict was returned for the appellees. And the appellant's written motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below on the verdict, in favor of the appellees and against the appellant.

The only alleged error of the court below, assigned by appellant in this court, is the overruling of his motion for a new trial.

There is but one question in this case, and that is this: Was the evidence adduced on the trial by the appellees sufficient to show that the note in suit had been paid by them or either of them?

The appellees filed no answer in this suit, either before the justice or in the court below; but, as the suit was commenced before a justice, payment might be given in evidence, without plea, in the justice's court. 2 R. S. 1876, p. 612, sec. 34. And, on appeal to the court below, the cause was to "be there tried under the same rules and regulations prescribed for trials before justices," etc. 2 R. S. 1876, p. 625, sec. 67.

It appears from the record, that the appellees offered no evidence whatever, on the trial of this cause, except a paper writing, purporting to be a receipt, of which the following is a copy:

"Fort Wayne, Ind., Aug. 9th, 1875.

"Received of M. Rush one hundred dollars, and his note for one hundred twelve & $\frac{86}{100}$ dollars, to apply on

William Sleeper's note, and interest, for two hundred dollars.          (Signed,)                    C. L. Hill."

The appellees offered no other evidence of any kind, and, having given said receipt in evidence, they rested their case.   The appellant objected to the admission of this receipt in evidence for the reason only, "that there was no plea of payment or set-off," filed by appellees; but, as we have seen, payment might be proved without plea, and the appellant's objection to the admission of the receipt in evidence was, therefore, correctly overruled.

One of the causes for a new trial, assigned by appellant in his motion therefor, was, that the verdict of the jury was not sustained by sufficient evidence.   The question, therefore, remains for our consideration, was said receipt, alone and of itself, sufficient *prima facie* evidence to sustain the verdict of the jury? did this receipt, alone and unexplained, tend even to show the payment of the note in suit?   The receipt, by its terms, was given " on William Sleeper's note," but the note in suit was the joint note of William Sleeper and Moses Rush. If it be conceded, that the note in suit was the note referred to in said receipt, (a fact which was not apparent on the face of the receipt, and which the appellees should have shown by parol evidence, if they could do so,) still, the receipt, as we construe it, did not tend even to show that the note of M. Rush was either given or received as a payment of the note sued on.   On the contrary, we think, from the language used in said receipt, it was intended by the parties thereto, that when the note of M Rush, mentioned therein, was paid, the appellant should " apply" the money so paid on the note now in suit, if it was " William Sleeper's note," as the appellees claim, referred to in said receipt.   It is very certain that there was no express agreement in said receipt, that the note of M. Rush, therein mentioned, should be taken, at the appellant's risk, as payment of " William Sleeper's note."   It was held by this court, in the case of

*Tyner* v. *Stoops,* 11 Ind. 22, that "no principle of law is better settled than that taking a note either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor." And the doctrine of the case cited was fully approved by this court, in the more recent case of *Maxwell* v. *Day,* 45 Ind. 509.

If any sufficient objection had been made to the admission of said receipt in evidence, very possibly the court below would have excluded it. But, the evidence having been admitted, it was proper, and perhaps necessary, that the appellant should show that the note mentioned in said receipt had never been paid. This was done by an abundance of uncontradicted evidence.

It seems very clear to us, that the verdict of the jury in this case was not sustained by any sufficient evidence; and, therefore, we hold that the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial.