THE BRISTOL MILLING AND MANUFACTURING COMPANY ET AL.
*v.* PROBASCO.

INSOLVENT CORPORATION.—*Receiver.*—*Action by Creditor.*—*Distribution of Assets.*—*Purchase of Stock, and Assumption of Debts of Corporation.*—*Novation.*—*Payment.*—*Promissory Note.*—*Mortgage.*—In an action against an insolvent incorporated stock company, its duly appointed receiver and A., to recover for money expended by the plaintiff for the use of the company, the court found, specially, that the capital stock of the corporation had once been owned, severally, by A., B., C., D. and the plaintiff, who were also directors of the company ; that the corporation was then indebted to B., C. and the plaintiff, severally, in certain sums of money expended for its use, evidenced by its promissory notes ; that thereupon the stockholders entered into an agreement that B., C., D. and the plaintiff should transfer their stock, and surrender such promissory notes, to A., who was to assume the payment of the same individually, and to execute his promissory notes to the retiring stockholders, severally, for the price

The Bristol Milling and Manufacturing Company *et al. v.* Probasco.

of the stock sold by, and the debt due to, each; that this agreement had been duly executed, but that the corporation had never assented thereto .; that there was no agreement that A.'s individual notes should be accepted in payment of the company's notes ; that A., to secure the notes so executed by him, had executed a mortgage to the retiring partners, upon the property of the corporation ; that the corporation · was then largely indebted to other creditors; and that A.'s notes remained unpaid, and he had become insolvent.

*Held*, as a conclusion of law, that the plaintiff was entitled to share, *pro rata*, with the other general creditors of the corporation, for the money so paid by him for the use of the corporation, but that the debt for the stock sold was payable only from the surplus, if any, after the payment of the general debts.

*Held*, also, that, because of the failure of the corporation to assent to such agreement, there was no novation.

*Held*, also, that such debt was not paid by such exchange of notes.

From the Elkhart Circuit Court.

*J. M. Vanfleet, R. M. Johnson* and *J. D. Osborn*, for appellants.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

HOWK, C. J.—In this action the appellee, as plaintiff, sued the appellants, as defendants, in a complaint of a single paragraph. In his complaint, the appellee alleged, in substance, that, on and before the 21st day of January, 1874, the appellant, The Bristol Milling and Manufacturing Company, was a corporation duly organized and existing under and by virtue of the statute of this State, in such case made and provided; that, at said date, the said appellant company was indebted to the appellee in the sum of three thousand and thirteen dollars, for money paid, laid out and expended, to and for the use and benefit of said appellant and at its special instance and request, a bill of particulars of which was attached to said complaint; that said sum remained due and unpaid; that, upon due proceedings had for that purpose, the appellant company was, by said Elkhart Circuit Court, adjudged insolvent at the ——— term, 1874, of said court, and by the order and judgment of said court, then duly made, the ap-

pellant Charles C. Merritt was duly appointed receiver, to collect the assets and pay the debts and liabilities of said company; and that, in pursuance of said appointment, the appellant Merritt had entered upon the execution of his said trust; that the appellant Patterson claimed an interest in said fund [adverse ?] to the appellee, and was made a party to answer said complaint. Wherefore, by reason of all the premises, the appellee prayed judgment against the appellant company for four thousand dollars, and other proper relief.

To this complaint, the appellant Charles C. Merritt, receiver of said company, answered in two paragraphs, in each of which he set up affirmative matters, by way of partial defence.

The appellee demurred to each of said paragraphs of answer, upon the ground, as to each paragraph, that it did not state facts sufficient to constitute a defence to his complaint.

The court overruled the demurrer to the first paragraph, and sustained the demurrer to the second paragraph of said answer, and to this latter decision the appellant Merritt excepted.

The appellee replied by a general denial to the first paragraph of said answer.

The issues joined were tried by the court, without a jury; and, at the appellants' request, the court stated the facts found, and its conclusions of law thereon, as follows:

"This cause having been submitted to the court for trial, and the defendant having, at the proper time, requested that the court find the facts specially, together with its conclusions of law, the court does find as follows, to wit:

"That said Bristol Milling and Manufacturing Company was a corporation, duly organized under the statute of this State, on and before the 20th day of January, A. D. 1874, with a capital stock of $20,000.00, owned as follows, viz.: By Fernando C. Patterson, $10,000.00; by George Mil-

burn, $6,000.00; by Samuel B. Romaine, $2,000.00; by William Probasco, the plaintiff, $1,000.00; by Daniel Ebi, $1,000.00.

"That said Patterson, Milburn, Romaine, Ebi and the plaintiff were owners of the entire capital stock of said company; that, on the 20th day of January, 1874, said company was indebted to the plaintiff in the sum of $3,013, for money loaned and advanced by the plaintiff to the company, in the proper course and conduct of the business of the company, which indebtedness was evidenced by the promissory note of the company delivered to, and at the time held by, the plaintiff; that said Patterson was the president, said Milburn the secretary, and Romaine treasurer, and all said stockholders, including the plaintiff, were directors of said company; that said company at the time was indebted, in like manner and for different sums, to said Milburn and to said Ebi, said debts being also evidenced by the promissory notes of said company, viz.: to Ebi in the sum of $——, and to Milburn in the sum of $300; that, on the 21st day of January, 1874, the said Patterson, Milburn, Romaine, Ebi and plaintiff made a bargain and agreement, whereby said Patterson agreed to purchase, and did purchase, of said Milburn, Romaine, Ebi and plaintiff, all their stock in said company, at and for the price of 40 cents on the dollar, and said stock was then and there accordingly assigned by said parties to said Patterson (whereby he became sole owner of the stock of said company); and, as a part of the consideration and terms of said agreement, so made between the parties. said Patterson agreed to assume and pay all the debts and liabilities of said corporation, and accordingly, and in consummation of the agreement, said Patterson executed to said parties, respectively, his promissory notes for the sums agreed to be paid them for their stock, and to the said Milburn, Ebi and plaintiff respectively, gave and executed his notes, not

only for the sums agreed to be paid for their stock, but for the amounts due them from said company evidenced by notes as hereinbefore stated; that is to say, said Patterson executed his note to Samuel B. Romaine for $800 (all for stock), to George Milburn for $2,700 ($2,400 for stock, balance debt of company), to William Probasco, plaintiff, for $——— ($400 for stock, balance debt of company), to Daniel Ebi for.$1,493.25 ($400 for stock, $1,093.25 debt of company); and, for the purpose of securing said notes so executed by him, said Patterson executed (in his individual capacity) a mortgage upon the real estate, mills and other property, theretofore owned and operated by said company, which mortgage the said Milburn, Romaine, Ebi and plaintiff accepted, believing the same to be good and valid security, and believing that, they having transferred all their stock to Patterson, and he being the sole owner of the entire stock, he had a right to mortgage the property, and believing too that Patterson did not intend to keep up the organization, and that the company was in fact dissolved by reason of Patterson becoming sole owner of the stock, they accepted said notes and mortgage, and surrendered said corporate property all to the possession and control of said Patterson; and said Milburn, Ebi and plaintiff surrendered their several notes against said company to said Patterson; said agreement, made between the parties, was reduced to writing and duly signed and executed, but the same has been lost; there was not any thing said in said agreement, nor by the parties in connection with or at the time of the transaction, in reference to whether said notes of Patterson were accepted by said Milburn, Ebi and plaintiff in payment or satisfaction of their said claims against the said corporation; that Milburn, Ebi and plaintiff gave up to Patterson (who was assuming to pay all the debts of the company) their notes against the company, believing that, by force of the acts they were then engaged in, the

The Bristol Milling and Manufacturing Company *et al. v.* Probasco.

company's existence was being or would be terminated, and for the debts evidenced by said notes received the individual notes and mortgage of Patterson. Patterson did not intend at the time, nor say that he intended, to abandon the organization, and shortly afterward assigned shares of stock to other parties, and kept the corporate organization in existence; that said corporation, at the time of said agreement, was largely indebted to other persons; that afterward said mills and most of the property of said company were consumed by fire, and said corporation and said Patterson became and ever since have remained insolvent, said Patterson having no property subject to levy and sale upon execution; that heretofore said defendant Merritt was by this court appointed and is now receiver of the assets of said company.

" Upon the foregoing facts the court deduces the following conclusions of law :

"1st. That said mortgage, executed by Patterson to Romaine, Milburn, Ebi and plaintiff, was invalid and of no effect as against the creditors of said corporation;

" 2d. That said Milburn, Ebi and plaintiff did not, by accepting said notes and mortgage, waive or surrender their right of recourse on the corporation, in case of failure to collect of Patterson;

" 3d. That the claim of said Ebi, for the said sum of $1,093.25, should be allowed and paid *pro rata* with the claims of general creditors of the company, and the said sum of $400 should be paid only out of such surplus as may remain, after paying the general creditors;

" 4th. That said Milburn should be allowed and paid, on the same footing with general creditors, the sum of $300, and out of the surplus, if any, the sum of $2,400;

" 5th. Said Probasco should be allowed and paid, on the same footing with the general creditors, the sum of $3,013, and out of the surplus, if any, the sum of $400.

(Signed,)      " WILLIAM A. WOODS."

The appellants, the Bristol Milling and Manufacturing Company and Charles C. Merritt, receiver, excepted to the court's conclusions of law, upon the facts found, and the same appellants then moved the court for a *venire de novo*, which motion was overruled by the court, and to this ruling they excepted. Judgment was rendered upon the facts found, in accordance with the conclusions of law.

The following decisions of the circuit court have been assigned as errors, by the appellants, in this court :

1. In sustaining the appellee's demurrer to the second paragraph of the answer;

2. In overruling the motion for a *venire de novo ;*

3. In the court's conclusions of law upon the facts found.

Two questions are discussed by the appellants' counsel, in their argument of this cause in this court, as arising upon the record and their assignment of errors thereon :

1. The validity of the original debt of the appellant, the Bristol Milling and Manufacturing Company, to the appellee, as a stockholder and director of said company; and,

2. The alleged novation of said original debt, by the appellee's acceptance of Patterson's note and mortgage for the amount of said debt.

We will consider and decide these questions, in the same order in which counsel have presented them.

It is not claimed that the debt of the appellant corporation to the appellee, as a stockholder and director, was invalid and void as between them, but that the appellee's claim against the company should not stand upon the same footing and share ratably with the claims of other creditors, who were not stockholders and directors of the corporation. We know of no legal reason for any such discrimination against the stockholder or director, who has become a *bona fide* creditor of his corporation

for money loaned thereto in aid of its business. In this case, the appellants do not question the good faith of the appellee's loan to the appellant corporation, nor its power to borrow the money in furtherance of its business, nor was any fraud or improper dealing imputed either to the company, or to the appellee; but upon the ground solely, that he was a stockholder and director of the company, as alleged in the second paragraph of the answer, it is insisted that the appellee's claim should be postponed, until all the creditors who were not stockholders of the company, had been fully paid. We cannot approve of this position. *Merrick* v. *The Peru Coal Co.*, 61 Ill. 472.

It seems to us that the facts found by the court in this case do not show a novation of the original note of the appellant corporation, held by the appellee. It was found by the court that the note in question was executed by the company, to the appellee, for money loaned and advanced by him to the company in the proper course and conduct of its business. It was agreed between the appellee and the defendant Patterson, that the latter would give his note to the appellee for and in lieu of his note against the company. It was not found by the court that Patterson was indebted to the company in any sum whatever, or that the company was in any sense a party to, or in any wise approved of, the agreement between the appellee and Patterson. The company did not hold Patterson's note, and of course did not give such note to the appellee for and in lieu of the note held by him against the company. But the giving of Patterson's note to, and the acceptance of such note by, the appellee, was the consummation of a personal contract between him and Patterson, to which, so far as the record shows, the company gave no assent and was not asked to assent. In the case of *Clark* v. *Billings*, 59 Ind. 508, it was said by BIDDLE, J.: "In every novation there are four essential requisites : First, a previous valid obliga-

tion ; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract ; and, fourth, the validity of the new one." It is very certain, we think, that, under the facts found by the court in this case, there was no novation of the note held by the appellee against the appellant corporation.

The case made by the record, putting it in its strongest and most favorable light for the appellants, was simply this : The appellee, holding a valid and legal obligation against the appellant company, took Patterson's note in lieu thereof, and surrendered the same to Patterson. But the court expressly found that the appellee did not agree to accept said Patterson's note in payment or satisfaction of his said claim against the said corporation. The facts found by the court bring this case fairly within the doctrine laid down by this court in the case of *Tyner* v. *Stoops*, 11 Ind. 22, in which case it was said that "no principle of law is better settled than that taking a note either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor." The case last cited has been approved and followed by this court in the following cases : *Stevens* v. *Anderson*, 30 Ind. 391; *Maxwell* v. *Day*, 45 Ind. 509; *Alford* v. *Baker*, 53 Ind. 279 ; and *Hill* v. *Sleeper*, 58 Ind. 221.

In our opinion, upon the facts found, the circuit court did not err in its conclusions of law.

The judgment is affirmed, at the appellants' costs.

Petition for a rehearing overruled.