## LINDEMAN *v.* ROSENFIELD.

PAYMENT.—*Extension of Time of Bond, by executing Promissory Note.— Principal and Surety.—Pleading.*—In an action by the obligee, against the principal and surety, on a penal bond executed to secure the faithful accounting of the principal to the obligee, for moneys which came into the hands of the former as an agent of the latter, the surety answered separately, alleging that, on a settlement between his principal and the obligee, the former executed to the latter his promissory note for the amount due, payable thereafter, without the knowledge or consent of the surety.

*Held*, on demurrer, that, for want of an allegation that the note was payable in bank, the answer is bad as a plea of payment.

*Held*, also, that, for want of an averment that there was a contract made for extending the time of payment, the answer is bad as a plea of extension of time.

SAME.—*Law of Kentucky.*—The plaintiff in such action replied that the note was executed without consideration and bore no interest ; that it was executed in the State of Kentucky, payable at a bank therein ; that, by the law of that State, such notes were not governed by the law merchant, unless endorsed to a bank of that State ; and that it had not been so endorsed.

*Held*, on demurrer, that the reply was sufficient.

From the Marion Superior Court.

*O. M. Wilson,* for appellant.

*A. C. Downey* and *H. S. Downey,* for appellee.

Howk, J.—This was a suit by the appellee, against the appellant and one Edward D. Scudder, upon a certain writing obligatory, of which the following is a copy :

" Know all men by these presents, that we, Edward D. Scudder and Frank Lindeman, are each held and firmly bound unto Emanuel Rosenfield in the sum of one hundred dollars, for the payment of which we each severally bind ourselves, our heirs and executors, upon the conditions following, to wit: Whereas the said Edward D. Scudder has this day been appointed by said Rosenfield an agent for 'The North American Attorneys' and Tradesmen's Protection Union Company,' for the purpose of soliciting the subscription of members to said company. Now, if said Scudder shall faithfully report to said Rosenfield all subscriptions taken by him to said company, shall not take any member into said company for less than three dollars per member, and shall pay over to said Rosenfield all moneys received by him, as such agent for said company, except the sum of one dollar and twenty-five cents for each subscriber he may procure to said company, which he shall retain as his commission, and, at the termination of his said agency for said company, shall faithfully pay over to said Rosenfield all moneys due from him to said Rosenfield, as well as deliver up to said Rosenfield all books, blanks, papers, goods and property, of any kind whatsoever, then remaining in his hands and belonging to said Rosenfield, then this bond shall be of no effect, otherwise to be and remain in full force ; all moneys collected on this bond shall be collected without relief from valuation or appraisement laws. Signed, this 7th day of June, A. D. 1875.     (Signed)     E. D. Scudder. [Seal.]
"Frank Lindeman.[Seal.]"

In his complaint on said bond, the appellee alleged that the defendant Scudder acted as the appellee's agent, in the business mentioned in said bond, from the 7th day of

June, 1875, until the 26th day of September, 1875; that, during that time and while acting as such agent, the defendant Scudder received large sums of money amounting in the aggregate to one hundred and twenty-five dollars, which he embezzled and converted to his own use, and for which he had failed and refused to account to the appellee at the expiration of his agency, or at any time since; that the defendant Scudder had also failed and refused to return to the appellee, or in any way to account for, ten certificates of membership in said association, of the value of twenty-five dollars, placed in his hands by the appellee, and had converted the same to his own use. Wherefore, etc.

The defendant Scudder and the appellant, Lindeman, severed in their defence, and the appellant separately answered in six paragraphs, of which the first was a general denial, and each of the other five paragraphs stated affirmative or special matter, by way of defence. To each of the second, fourth, fifth and sixth paragraphs of the appellant's answer, the appellee demurred for the alleged insufficiency of the facts therein to constitute a defence to his action, which demurrers were sustained as to the second, fourth and sixth paragraphs, and overruled as to the fifth paragraph of the answer, and to this latter ruling the appellee excepted.

To the fifth paragraph of the appellant's answer, the appellee then replied in a single paragraph, setting up affirmative or special matter; and to this reply the appellant's demurrer, for the want of sufficient facts, was sustained by the court, and the appellee excepted to this decision. The appellant, Lindeman, had judgment for his costs, on this demurrer, in the court below, at special term.

Upon the issues joined on the separate answer of the defendant Scudder, the cause was tried by the court at special term, and a finding was made and judgment was

rendered in favor of the appellee, and against the said Scudder, for one hundred dollars and costs.

From the judgment of the court at special term, in favor of the appellant, Lindeman, the appellee, Rosenfield, appealed to the court in general term, and there assigned, as errors, the overruling of his demurrer to the fifth paragraph of the answer of the appellant, Lindeman, and the sustaining of Lindeman's demurrer to the appellee's reply to said fifth paragraph of Lindeman's answer. Upon these alleged errors, the court in general term reversed the judgment of the special term, and remanded the cause for further proceedings.

From this judgment of reversal, the appellant, Lindeman has appealed to this court, and has here assigned, as error, the judgment of the court below in general term. This assignment of error brings before this court the same alleged errors, which were assigned by the appellee in the court below in general term. By this assignment of errors, two questions are presented for our decision, which may be thus stated:

1. Are the facts stated in the fifth paragraph of the appellant's answer sufficient to constitute a good defence to the appellee's action?

2. Are the facts stated in the appellee's reply to the fifth paragraph of the appellant's answer sufficient to constitute a good reply to said paragraph of answer?

If the latter or both of these questions must be answered in the affirmative, it is very clear that the judgment of the court, in general term, must be affirmed; and it is equally clear, we think, that if the former question must be answered in the affirmative, and the latter question in the negative, the judgment of the general term must be reversed. We will consider and decide these two questions in the same order in which we have numbered and stated them.

1. In the fifth paragraph of his separate answer the appellant, Lindeman, alleged, in substance, that he executed the bond in suit, as surety for the defendant Edward D. Scudder, and not as principal, of which the appellant had notice at the time it was executed ; that afterward, to wit, December 25th, 1875, the appellee and said Scudder met, and had and made a final settlement of and concerning the matters and things contained in said bond ; that said Scudder accounted to the appellee for and concerning such matters and things, and there was found due to appellee the sum of ninety-two dollars and —— cents, which —— cents said Scudder then paid appellee, and executed and delivered to appellee for the balance, said ninety-two dollars, his, said Scudder's, individual note, payable at a future day, to wit, forty days after date, without the appellant's knowledge or consent.

It seems to us that this paragraph of answer did not state facts sufficient to constitute a defence for the appellant, Lindeman, on the bond in suit. It was not alleged in this paragraph that the note executed by the defendant Scudder, to the appellee, for the balance found due him upon their accounting and settlement, was made payable at a bank in this State. In the absence of such an allegation, it must be presumed, as against the appellant, that the note was not made payable at such a bank. Therefore, the note was not negotiable by the law merchant, as an inland bill of exchange ; and it did not operate as a *prima facie* payment or extinguishment of the original indebtedness, for which it was alleged to have been executed. It is the law of this State, established and settled by the decisions of this court in an unbroken line, that the execution of a promissory note not payable at a bank in this State and not governed by the law merchant, given for a precedent debt, will not operate as a payment or in extinguishment of the original indebtedness, in the absence of an express stip-

ulation or agreement to that effect, by and between the parties. *Tyner* v. *Stoops*, 11 Ind. 22 ; *Stevens* v. *Anderson*, 30 Ind. 391; *Maxwell* v. *Day*, 45 Ind. 509 ; *Alford* v. *Baker*, 53 Ind. 279 ; *Hill* v. *Sleeper*, 58 Ind. 221 ; *The Bristol Milling, etc., Co.* v. *Probasco*, 64 Ind. 406.

In the fifth paragraph of the appellant's answer, it was not alleged that there was any stipulation or agreement, by and between the appellee and the defendant Scudder, that the latter's individual note, described in said paragraph, should be or was executed as a payment or in extinguishment of the original indebtedness, the payment of which was secured to the appellee by the bond in suit. We may well conclude, therefore, that the fifth paragraph of answer did not show by its averments, that the original indebtedness of the defendant Scudder, secured by said bond, had been paid or extinguished by his individual note, as the same was described in said paragraph.

The facts alleged by the appellant in this fifth paragraph of answer were not sufficient, we think, to show that he had been or was discharged from liability on the bond in suit, as surety therein. The law may be regarded as settled in this State, that "an agreement between the payee or holder of a note and the principal therein, for an extension of the time of payment for a fixed and definite period, made without the knowledge or consent of the surety in the note, and founded upon a new consideration, will discharge the surety from any liability on such note." *Huff* v. *Cole*, 45 Ind. 300 ; *White* v. *Whitney*, 51 Ind. 124 ; *Bucklen* v. *Huff*, 53 Ind. 474 ; and *Buck* v. *Smiley*, 64 Ind. 431. We know of no reason why this doctrine should not be applicable as well to such bonds as the one sued on in this action, as to promissory notes. Indeed, in the case of *Douglass* v. *The State, ex rel.*, 44 Ind. 67, which was a suit upon a guardian's bond, it was impliedly held by this court, that, in a proper case, this doctrine, in relation to

the discharge of a surety on a promissory note, would be extended and made applicable to the discharge of sureties in penal bonds, similar to the bond now in suit. See, also, on this point, the case of *Gahn* v. *Niemcewicz*, 11 Wend. 312, and *Halliday* v. *Hart*, 30 N. Y. 474.

In this regard, however, the fifth paragraph of the appellant's answer, in the case at bar, is fatally defective on the appellee's demurrer thereto, as it seems to us, for the reason that it failed to allege that the appellee, the obligee or payee of the bond in suit had ever agreed to or with the defendant Scudder, the principal obligor in said bond, for any extension of the time of payment of the bond, or of the indebtedness secured thereby; and for the further reason, that it was not alleged therein, that there was any new consideration whatever for any such agreement. It did not appear, from the allegations of this paragraph, that there had been any dispute or controversy between the defendant Scudder and the appellee, or that the note described had been given as the result of any compromise, or upon the faith of any agreement by the appellee that he would forbear to sue on the bond, during the time or before the maturity of said note. For aught that was alleged in said fifth paragraph of answer, it may well be said, we think, that the note described therein was a mere memorandum of the amount found due the appellee, and the naked promise of the defendant Scudder, that he would pay in forty days, without interest, just the sum, and no more, which he and the appellant were already bound to pay by the bond now in suit. In the case of *Abel* v. *Alexander*, 45 Ind. 523, it was held by this court that an agreement by the principal to continue to pay the same rate of interest specified in a promissory note, though greater than the legal rate, was not a sufficient consideration to sustain a promise to extend the time of payment, and that an extension upon such consideration, without

the knowledge or consent of the surety, would not discharge such surety from liability. It seems to us that the doctrine of the case last cited is directly applicable to the case made by the allegations of the fifth paragraph of the appellant's answer. *Braman* v. *Howk*, 1 Blackf. 392; *Naylor* v. *Moody*, 3 Blackf. 92; *Coman* v. *The State*, 4 Blackf. 241; and *Harter* v. *Moore*, 5 Blackf. 367.

We are clearly of the opinion that the fifth paragraph of the appellant's answer did not, in any view of it, state facts sufficient to constitute a defence to the appellee's action, and that the demurrer thereto ought to have been sustained.

2. Having reached the conclusion that the fifth paragraph of answer was not a good defence to the appellee's action, it will hardly be necessary for us to devote much time or space to the consideration of the sufficiency of the appellee's reply to said paragraph. In said reply, the appellee alleged, in substance, that on the 26th day of November, 1875, at the city of Louisville, in the State of Kentucky, he and the defendant Scudder met and had an accounting of and concerning the matters mentioned in the bond sued on in this action; that, on said accounting, there was found to be due the appellee, under said bond, ninety-two dollars and — cents; that the said Scudder then and there paid appellee the — cents, and executed to appellee his promissory note for said sum of ninety-two dollars, dated Louisville, November 26th, 1875, and payable forty days after date to the appellee, or order, at the German Insurance Bank, at Louisville, Ky.; that the said accounting and the execution of said note occurred at the termination of said Scudder's agency, and such accounting was the only final accounting between the appellee and said Scudder, relating to said agency, and the said note was the same note mentioned in said fifth paragraph of answer, and the only promissory note executed by said

Scudder to the appellee, in any way related to or connect-
ed with the cause of action stated in the complaint; that
the said note, although payable at a bank in Kentucky,
was not negotiable according to the law merchant; that
the law of Kentucky, on that subject, was as follows :

"Sec. 21. Promissory notes payable to any person or
persons, or to a corporation, and payable and negotiable at
any bank incorporated under any law of this Common-
wealth, or organized in this Commonwealth under any
law of the United States, which shall be indorsed to and
discounted by the bank at which the same is payable, or
by any other of the banks in this Commonwealth, as above
specified, be and they are hereby placed on the same foot-
ing as foreign bills of exchange."

The appellee further alleged that the said note was nev-
er endorsed to and discounted by the bank at which the
same was payable, or by any other bank of that Common-
wealth; that the note did not bear interest for the time it
had to run, and was made without any consideration what-
ever, except the liability of the defendants, under and by
virtue of the bond sued on, which liability was ascertained
and was then and there due and payable as aforesaid.
Wherefore, etc.

It will be readily seen, we think, that the facts alleged
in this reply show conclusively that the note described in
the fifth paragraph was not negotiable by the law mer-
chant. It was not payable to order or bearer in a bank in
this State, and therefore it was not negotiable as an inland
bill of exchange. It was not indorsed to and discounted by
any bank in the Commonwealth of Kentucky, and there-
fore it was not "placed on the same footing as foreign bills
of exchange."

In the case of *Alford* v. *Baker*, *supra*, the note
in suit, like the one described in the reply in the case
at bar, "was both made in Kentucky and payable at a
bank in Kentucky. It was therefore governed by the law

of Kentucky." *Hunt* v. *Standart*, 15 Ind. 33. In the opinion in the case of *Alford* v. *Baker*, it was said by Wor- den, C. J., in reference to the note in that case : "We can not apply to it the law of Indiana, to determine whether or not it was governed by the law merchant. At com- mon law, promissory notes were not placed upon the foot- ing of bills of exchange, or governed by the law merchant. It was the statute of third and fourth Anne that effected this. *Holloway* v. *Porter*, 46 Ind. 62. We must presume, in the absence of proof to the contrary, that the common law prevails in Kentucky, and, therefore, that the note in question is governed by the common law."

In the case now before us, the statute of Kentucky, which declares that certain promissory notes, under certain circumstances, shall be "placed on the same footing as for- eign bills of exchange," was pleaded as a fact in the appel- lee's reply. It is quite certain, we think, that, under the allegations of the reply, the note described therein did not come within the provisions of the statute of Kentucky, and, therefore, was not governed by the law merchant. We must still presume, under the averments of the reply in this case, that the note described therein was "governed by the common law."

.It seems clear to us that the facts alleged in the appel- lee's reply, in the case at bar, were sufficient to show that the note mentioned in the fifth paragraph of the appel- lant's answer would not and did not operate as a payment or in extinguishment of the original indebtedness, under the bond in suit, and would not and did not discharge the appellant from liability on said bond as surety therein.

The appellant's learned counsel has discussed the ques- tions presented by the record of this cause, and the errors assigned thereon, and has cited many cases from the Re- ports of other States in support of his positions, in his able and elaborate brief of this cause. These questions, howev-

er, have been so long and so firmly settled by the decisions of this court, that it has seemed to us they were no longer open for argument. We have not therefore, in this opinion, attempted to examine, to compare or to reconcile the cases cited by counsel with our own cases. We are satisfied with the doctrine of the decisions of this court, upon the questions involved in this case, and must decline to consider or overrule those decisions.

In our opinion, the court below in general term did not err, in this case, in reversing the judgment of the special term.

The judgment of the court, in general term, is affirmed, at the appellant's costs.