## MORTIMORE JEFFRIES v. CASPER W. LAMB ET AL.

1. *Failure of Consideration as to Sureties.*—Where one becomes security for another on the agreement that a previous note secured by chattel mortgage shall be delivered to the surety as a means of indemnification by the payee, and this delivery is not made, the failure constitutes a want of consideration of the second note,

as between the payee and the surety; and the surety can set it up as a defense in an action on the second note.

2. *When Giving a Second Note is a Payment.*—A promissory note not payable at a bank in this State, and not governed by the law merchant, though given for a precedent debt, will not operate as a payment or extinguishment of the precedent debt, in the absence of an express agreement to that effect by and between the parties.

Filed May 19, 1881.

Appeal from Whitley Circuit Court.

Walter Olds, for appellant, cited Burrell's Law Dictionary, vol. 1, p. 584, as to execution of a will before witnesses; Parsons on Bills and Notes (2 ed.), vol. 1, p. 51, as to escrow; *Purrin* v. *Royal*, 42 Ind. 132; Parsons on Contr., vol. 2 (5th ed.), pp. 527–529, and note, and cases cited, as to damages on failure of performance of condition in promissory note; *Prairie, etc., Co.* v. *Laylor*, 69 Ill. 440, as to such condition being an independent undertaking.

Thomas R. Marshall and William F. McNagny, for appellees, cited *Linderman* v. *Rosenthal*, 67 Ind. 247; *Tyner* v. *Stoops*, 11 Ind. 22; *Stevens* v. *Anderson*, 30 Ind. 391; *Maxwell* v. *Day*, 45 Ind. 509; *Alford* v. *Baker*, 53 Ind. 279; *Hill* v. *Sheperd*, 58 Ind. 221; *The Bristol Co.* v. *Probasco*, 64 Ind. 406, as to new note given for an old one; *Heig* v. *Weigand*, 33 Ind. 289, as to delivery and consideration of such new note.

Opinion of the court by Mr. Justice Howk.

In this action the appellant sued the appellees upon a promissory note, of which the following is a copy:

"$228.50.          COLUMBIA CITY, IND., August 1, 1874.

"On or before the first day of April, 1875, we promise to pay to the order of Mortimore Jeffries two hundred twenty-eight and $\frac{50}{100}$ dollars, payable at Columbia City, Indiana, value received, without any relief from valuation and appraisement laws, with interest annually at ten per cent. until paid, and all costs and attorney's fees for collection of said note, if not paid at maturity.

"HARRISON HUPP.

[SIGNED]                              "C. W. LAMB.

"HENRY BROWN."

2

A judgment by default was duly rendered against the defendant, Casper W. Lamb, for the amount due on the note.

The appellees, Harrison Hupp and Henry Brown, jointly answered in a single paragraph, to which the appellant's demurrer for the alleged want of sufficient facts therein was overruled by the court, and to this decision he excepted. He then replied to said answer by a general denial, and a trial by the court of the issues thus joined resulted in a finding and judgment against him in favor of said appellees for their costs.

Did the court err in overruling the appellant's demurrer to the answer of the appellees, Hupp and Brown? This is the only question properly presented for the decision of this court by the appellant's assignment of error.

In their answer, the said Hupp and Brown, admitting the execution of the note in suit and that it was due and unpaid, alleged, in substance, that the same was executed by them solely as securities for their co-defendant, Lamb, and in no other or different character or capacity, and for no other or different consideration moving to them whatever; that at the time of the execution of said note, the said Lamb was indebted to the appellant in the amount for which the note was given, evidenced by another note theretofore executed by him to the appellant, on the 2d day of February, 1874, for the sum of $220, with interest; that the last mentioned note was secured by a chattel mortgage, of even date therewith, duly recorded in the recorder's office of Whitley county, within ten days from the day of its execution, which said mortgage was given by said Lamb upon a stud horse or stallion, described therein as being known by the name of "Thom H. Clinton," about seventeen hands high, with a small star in the face, and then and since owned by said Lamb, and of the value of $250; that at the time of the execution of the note in suit, it had been and was agreed upon, by and between the appellant and said Lamb, Hupp and Brown, that in consideration of the execution of the note sued on and of its execution by said Hupp and Brown, as such sureties, the said note for $220 and said chattel mortgage should be delivered up either to said Lamb, or to said Hupp or Brown, to be cancelled, and that the said Lamb should execute a mortgage to said Hupp and Brown upon the same horse

to indemnify them against any liability upon said note for $228 50, which note was delivered to the appellant upon this express understanding and agreement; that at the time of the delivery of the last mentioned note, being the note now in suit, the said note for $220 and the mortgage to secure it were not delivered up, for the reason that the appellant did not have them with him, but he agreed to surrender the same as soon as he could obtain the same from his house in Smith township, in said county, where they then were, in order that said Hupp and Brown might have the benefit of the security so being given them by mortgage upon the same property; that said mortgage was so executed to them by said Lamb, on the day and at the time of the execution of said note by them to the appellant, being the 21st day of August, 1874, the said note being, at the appellant's instance, ante-dated on August 1, 1874, and that the last mentioned mortgage was duly recorded in the recorder's office of said Whitley county.

And the appellees, Hupp and Brown, averred that after the delivery of the note in suit to the appellant, he failed and refused, and had since refused, to comply with said agreement on his part, as to delivering up the note and mortgage given him by said Lamb, and insisted that he was entitled to hold the same and to the benefit of said mortgage; and that, by means of the premises, there had been a breach of the condition and a failure of the consideration, on which said note was executed by said appellees; wherefore, they demanded judgment, that the note in suit be declared null and void as to them, and that the same be cancelled.

We are of the opinion that the court committed no error in overruling the appellant's demurrer to the appellees' answer. The facts alleged therein, if true, and the demurrer concedes their truth, show very clearly that the appellees, Hupp and Brown, became the sureties of their co-defendant, Lamb, in the note in suit, upon the faith of the appellant's agreement with them that, if they would become such sureties, he would surrender Lamb's previous note and the chattel mortgage securing the same, to be cancelled, so that they might indemnify themselves from their liability, as such sureties, by procuring from Lamb a first mortgage on the same chattel property. The answer further shows that the appellant had failed and refused to surrender the said note and chattel mortgage, to be

cancelled, in compliance with his said agreement, upon the faith of
which the said Hupp and Brown had become the sureties of Lamb
in the note sued upon.   These facts show, we think, an entire fail-
ure of the consideration of the note in suit, as between the appel-
lant, as payee of the note, and said Hupp and Brown, as the sure-
ties therein.

The appellant's counsel claim, as we understand his position,
that the answer was bad, on the demurrer thereto for the want of
facts, because the facts stated therein were sufficient to show that
Lamb's first note was paid by the note in suit, and the payment of
said first note was in legal effect a satisfaction of the chattel mort-
gage, which was only an incident of the note it was given to
secure.   The law of this State may be regarded as settled, we think,
by an unbroken line of the decisions of this court, that a promis-
sory note not payable at a bank in this State, and not governed by
the law merchant, such as the note in suit in the case at bar, though
given for a precedent debt, will not operate as a payment or in ex-
tinguishment of the precedent debt, in the absence of an express
agreement by and between the parties, that it should so operate.
*Hill* v. *Sleeper*, 58 Ind. 221; *The Bristol Milling, etc., Co.* v.
*Probasco*, 64 Ind. 406; *Lindeman* v. *Rosenfield*, 67 Ind. 246.   In
the case now before us, there was not only the absence of an express
agreement that the note sued upon should operate as a payment or
in extinguishment of Lamb's prior note, as the case is presented in
this court; but it affirmatively appeared in the answer, the sufficiency
of which is the only subject of consideration, that the appellant in-
sisted that he was entitled to hold Lamb's prior note and to the
benefit of the chattel mortgage, securing said note.

It is claimed, also, that the answer was insufficient, because the
facts stated therein showed that the appellees, as sureties, could by
suit enforce the appellant's agreement, and compel him to surrender
the prior note and chattel mortgage, for cancellation.   It may be
true, as claimed, that a court of justice would have compelled the
appellant, in a suit for that purpose, to keep good faith with the
appellees, as sureties; but surely, under the facts stated in their
answer, where the only consideration for their contract of surety-
ship, as between them and the appellant, the payee of the note in
suit, was his plighted faith and agreement, neither law nor equity

would require that the appellees, as sureties, must bring a suit against the appellant to compel the surrender, for cancellation, of the prior note and mortgage, in accordance with his agreement. It seems to us, that the appellant's failure ь ʾd refusal to comply with his agreement, upon the faith of which the said Hupp and Brown were induced to become sureties on the note now in suit, as stated in their answer, were sufficient to show an entire failure of the consideration of the said note, as between them and the appellant. There was no surrender of the prior note and mortgage for cancellation, according to the contract, and, therefore, there was no consideration to support the appellees' contract of suretyship, in the note in suit. *Armstrong* v. *Cook,* 30 Ind. 22; *Heig* v. *Weigand,* 33 Ind. 289.

Some minor objections have been pointed out by the appellant's counsel, to the sufficiency of the answer, but they seem to us to have been the proper subjects, possibly, of motions to make more specific. They were not reached by the demurrer to the answer, and we do not consider them. The demurrer to the answer was, we think, correctly overruled.

The judgment is affirmed, at the appellant's costs.

*Note.*—The appellant having died, since the submission of this cause, the judgment of this court is rendered as of the May term, 1878, the date of such submission.