No. 9666.

## THE LEBANON AND ROYALTON GRAVEL ROAD COMPANY v. ADAIR.

PROMISSORY NOTE.—*Gravel Road Corporation.*— *Contracts with Officers.*—A turnpike company is authorized by statute, R. S. 1881, section 3653, to borrow money of any officer thereof for use in making its road, and to execute a promissory note therefor.

SAME.—*Officer de Facto.*—After the lawful election of other directors, and their organization as a board, a note made by the old board (still acting as such, but as usurpers) to its president, and signed by him as such, with the other officers, is unauthorized, and is not the note of the corporation.

From the Boone Circuit Court.

*C. S. Wesner* and *J. S. Busby*, for appellant.

*F. M. Charlton* and *W. W. Spencer*, for appellee.

ELLIOTT, J.—The appellant contends that a promissory note executed by a gravel road company to one of its officers for money borrowed of him is invalid, for the reason that an officer can not contract with the corporation. In our opinion the statute governing gravel road corporations authorizes an officer to lend money to the corporation and receive from it a note for the money lent. The statutory provision to which we refer is as follows: "Whenever any director or other officer of any * * gravel road company heretofore organized under the laws of this State shall have become a creditor of any such corporation, for money loaned to the same and actually used in the original construction of such road, such director or other officer shall stand on equal terms with any other creditor in any and all suits for the collection of his debt." This is a general provision extending to all gravel road companies incorporated under our general statutes, and is intended, as its language clearly implies, to authorize corporate officers to aid in building roads by making loans to the corporation for that purpose. This statute so plainly authorizes an officer to make with his corporation such a contract as that declared on, that we need not enquire what would be the effect of such

a contract in the absence of any statutory provision, but, as having a direct bearing upon the question, refer to *Bristol, etc., Co.* v. *Probasco*, 64 Ind. 406.

A corporation may execute to its creditor any of the ordinary evidences of indebtedness, as a promissory note, bond or the like, unless there is something in the statute to the contrary. In the present case no provision of the statute prohibiting the execution of promissory notes has been pointed out, nor have we in our own search been able to find any such provision.

A duly verified answer denied the execution of the note declared on, and a material question upon the trial was whether the execution of the note had been proved. That question is presented to us by this appeal, and our examination of the evidence leads us to the conclusion that it must receive an answer favorable to the appellant. The note is dated the 4th day of October, 1879, is payable six months after date, is signed by the appellee as president of the corporation, and by several others respectively, as secretary, treasurer, and directors; it was given in the place of one executed on the day on which that in suit bears date; this note, that sued on, was not executed until after April 10th, 1880, and was then executed because the one first written was not so signed as to constitute it the note of the corporation. As the note sued on was intended to take the place of the first one, it was dated as of the day that one was executed, but there was no difference in the form or substance of the two notes except as to the manner of signing. On the 10th of April, 1880, an election was held which resulted in turning out all of the old officers by whom the first note was signed and in supplying their places with different persons. The old officers testified that they continued to manage the affairs of the corporation for several days after the election, but there is uncontradicted testimony that the new board organized immediately after the election on the 10th of April. It thus appears that the new board of directors had entered upon its duties on that day,

and this terminated the power of the defeated officers to execute a note to one of their associates. We need not enquire what the rule would be if the note had been executed to a third person, for here the person to whom it was executed was one of those who had been voted out of office, and who knew that neither he, nor his associates, had authority to bind the corporation.

The sworn answer put the appellee upon proof of the execution of the note, and this burden imposed upon him the necessity of proving that those who assumed to act for the corporation possessed competent authority to execute the note in suit. It was not sufficient for him to show that those whose names were annexed to the note assumed to act as officers; he was bound to show that they did possess the official character assumed by them.

It is true that the defeated officers did continue to manage the affairs of the corporation, but it does not appear that they were authorized to do this. The fact that they did transact corporate business after their official terms had expired did not authorize them to execute a note to one of their own number. If it had been shown that what they did subsequent to the election of their successors was authorized, then there might, perhaps, be some plausibility in the claim that the note upon which the recovery was had is that of the corporation; but, for anything that appears, they were mere usurpers, wrongfully conducting business after they had been put out of office and their successors had effected an organization and assumed their official duties.

The appellee insists that the persons who signed the note in suit were officers *de facto*, and that their acts were, for that reason, binding upon the corporation. If the note had been given to a stranger there would be much force in this argument, but the rule which applies where a third person is suing is very different from that which applies where the person suing is himself the one who claims to be a *de facto* officer of the corporation. In this case the appellee claims to recover

upon a note executed to himself, and signed by him as the principal officer of the corporation, and it would be a perversion of the doctrine upon the subject of *de facto* officers to allow him to use it as a shield. The law upon this point is concisely and accurately stated in a note to *Hildreth* v. *McIntire*, 19 Am. Dec. 61, where it is said: "As hereinbefore stated, from considerations of public policy, the acts of *de facto* officers are valid and binding as to the public and third persons, yet as to himself, they are invalid, and afford him no protection whatever." In support of the proposition, a great number of cases are cited, to which may be added *Conway* v. *City of St. Louis*, 9 Mo. App. 488, where it was held that the rule holding valid the acts of officers *de facto* does not apply to the case of one who contracts with full knowledge that the agency and authority of the person who assumed to act as the agent of the corporation had terminated.

The record affirmatively shows that the judgment rests upon the note described in the complaint, and it therefore appears that it is without legal foundation, for the note is not that of the appellant.

We decide no other question, on this branch of the case, than that the note sued on is not that of the gravel road company, and that the judgment is consequently without any legal support.

Judgment reversed.