## MOUNT, ADMINISTRATOR, v. DEHAVEN.

[No. 3,498.   Filed March 20, 1902.   Rehearing denied May 21, 1902.]

NOVATION.—*Accord and Satisfaction.*—*Bills and Notes.*— Where the holder of a note against decedent took the note of decedent's two sons in lieu thereof and surrendered the original note to the two sons, without any agreement to accept the sons' note in payment or satisfaction of the debt, such transaction did not amount to a discharge of the original debt.

From Fayette Circuit Court; *F. S. Swift*, Judge.

Action by James I. Dehaven against James C. Mount, administrator of the estate of Theodore L. Griffis, deceased, on a claim based upon certain promissory notes. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. C. Florea, L. L. Broaddus, R. Conner* and *L. Conner*, for appellant.

*G. L. Gray, F. E. Nevin, D. W. McKee, J. J. Little* and *H. L. Frost*, for appellee.

ROBINSON, P. J.—Judgment in appellee's favor on a claim of two notes,—one for $1,600, with six per cent. interest, dated December 19, 1888, and due in one year; the other for $1,000, with like interest, dated January 30, 1890, and due in one year; both executed by appellant's decedent, Theodore L. Griffis, and payable to appellee. Theodore L. Griffis died May 6, 1890, leaving two sons and a widow who was a childless second wife. At the time of his death

he was engaged in the retail dry-goods business, and was largely indebted. Soon after his death the two sons purchased the widow's interest in the whole estate and took charge of the entire estate conducting the store under the name of T. L. Griffis' Sons and undertook to settle the estate without administration. On December 19, 1890, the two sons executed to appellee a note for $1,696, due in one year with seven per cent. interest, signed by T. L. Griffis' Sons and by each son individually, in lieu of the note for $1,600 executed by T. L. Griffis, the old note being delivered to the sons. On September 8, 1892, they executed to appellee a note for $1,052, due in six months with six per cent. interest, signed by the same parties, in lieu of the note for $1,000, which was delivered to the sons. These notes were not paid when due, but were taken up by other renewal notes. Certain payments were made, but at the time of the trial there were two of these outstanding renewal notes, one for $930 dated July 2, 1895, and one for $1,058.83 dated January 27, 1896. An administrator of the estate of Theodore L. Griffis was appointed in April, 1898. None of the renewal notes given by the sons were notes governed by the law merchant.

The only question in the case is whether the acceptance by appellee of the renewal notes, executed in lieu of the original notes, extinguished the antecedent debt. One of the sons testified that at the time the first renewal notes were executed, and the original notes surrendered, "there wasn't very much said; we talked about the notes and I asked him how he wanted the notes fixed, and he said, 'any way, it don't make any difference,' and I said 'we had better agree on the time and renew the notes,' and he said, 'all right, any way to suit you will be all right;' I renewed the notes and there was never anything said about it afterwards." At the time of the surrender of the original notes witness thought appellee knew the sons were attempting to settle the estate without administration. The original notes

were introduced in evidence. Across the face of the original note for $1,000 are the words "paid by renewal, T. L. Griffis' Sons, Sep. 8, '92;" and across the face of the note for $1,600 are the words "paid January 24, '91, by renewal. T. L. Griffis' Sons," and the maker's name on each note is crossed out. Appellee testified that he did not see any of these indorsements made.

In *Tyner* v. *Stoops,* 11 Ind. 22, 71 Am. Dec. 341, the court said: "The taking of a promissory note from one of several joint debtors, or the note of a third person, for a preëxisting debt, is not a discharge of the debt, unless such is the express agreement. *Schemerhorn* v. *Loines,* 7 Johns. 311; *Muldon* v. *Whitlock,* 1 Cow. 290, 13 Am. Dec. 533. In the case last cited it is said by Sutherland, J., that, 'no principle of law is better settled than that taking a note either from one of several joint debtors, or from a third person, for a preëxisting debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor. Nor does the taking a note, and giving a receipt for so much cash in full of the original debt, amount to evidence of such express agreement to take the note in payment. The agreement must be clearly and explicitly proved by the original debtor, or he will be held liable.' " See *Bingham* v. *Kimball,* 17 Ind. 396; *Stevens* v. *Anderson,* 30 Ind. 391; *Maxwell* v. *Day,* 45 Ind. 509; *Alford* v. *Baker,* 53 Ind. 279; *Hill* v. *Sleeper,* 58 Ind. 221; *Bristol, etc., Co.* v. *Probasco,* 64 Ind. 406; *Lindeman* v. *Rosenfield,* 67 Ind. 246, 33 Am. Rep. 79; *Albright* v. *Griffin,* 78 Ind. 182; *Combs* v. *Bays,* 19 Ind. App. 263.

The facts do not show a novation of the original notes of the decedent. Two essential elements are wanting. The substitution of the new debtor for the old debtor is not shown to have been by a mutual agreement of all the parties, nor is it shown that there was an extinguishment of the old debt. *Kelso* v. *Fleming,* 104 Ind. 180; *Bristol, etc., Co.* v. *Probasco, supra.* Moreover, while the heirs might pay the

debts of the estate without administration, yet, they had no authority to represent the estate in any way, nor to bind the estate in any manner by any agreement. They were not the legal representatives of the estate. The facts simply show that appellee, holding a valid and legal claim consisting of two notes against Griffis' estate, took the notes of the two sons in lieu of them and surrendered the original notes to the sons. The evidence does not show that appellee agreed to accept the sons' notes in payment or satisfaction of his claim against Griffis' estate. The case comes clearly within the rule above declared in *Tyner* v. *Stoops,* 11 Ind. 22. The case of *Parsons* v. *Tillman,* 95 Ind. 452, cited by counsel for appellant, is not controlling here, because, in that case, a creditor, holding a firm's notes and desiring to make an advancement to his daughter, surrendered his notes and new notes were executed by the firm to the daughter, at his request, and with her concurrence. This was a mutual agreement of all the parties and an extinguishment of the original indebtedness.

Judgment affirmed.