[No. 3,938.]

## EDWARD C. SIMPSON *v.* THE PACIFIC MUTUAL LIFE INSURANCE COMPANY.

LIABILITY OF DRAWER OF CHECK TO PAYEE.—Upon an issue, as to whether the drawer of a check on a bank is liable to the payee by reason of the failure of the bank on the day the check was drawn, if the payee called at the bank more than once during the day, and there is a conflict as to whether he was offered payment and declined it, the jury have a right to take into consideration all that occurred each time-the payee-called.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

This case was before the Supreme Court at the July Term, 1872, and was then remanded for a new trial. It is reported, 44 Cal. 139, and the leading facts are there stated. Upon the new trial in the Court below, the plaintiff testified that he received the check for $2,500, from the defendant about nine o'clock A. M. on the first day of November, 1871, and that Mr. Crackbon, the secretary of the defendant, who gave him the check, asked him how long he was going to remain in Sacramento, and he replied, it might be two or three days, and it might not be so long; and that Crackbon then told him he could leave the money in the bank till he went away, and that Crackbon went with him to the bank to identify him. The witness said, that until Crackbon suggested that he could leave the money in the bank till he went home (the witness lived some distance from Sacramento) he had intended to draw the money, and that on Crackbon's suggestion he went to the bank of the drawees, B. F. Hastings & Co., merely to be identified, and that after Crackbon had identified him, Hastings asked him if he wanted the money, and he replied no, but would be back that afternoon for it. The witness then said, that he called at the bank that day about 2 P. M. and found it closed by the Sheriff; and that he immediately demanded payment from the defendant. The witness said, that when he first called he did not present the check for payment, and did not demand payment of it.

Mr. Crackbon, the secretary of defendant testified, that he had no conversation with Simpson about his leaving the money at the bank, and that he went to the bank with Simpson merely to identify him, and that when he had done so Hastings turned round to get the money to pay it, when Simpson told him he was going to remain in town two or three days, and did not care to take the money until he was ready to go home.

H. F. Hastings testifies that he was cashier of the banking house of B. F. Hastings & Co., and that Simpson handed him the check, and Crackbon identified him, and that he turned to the tray containing the money and took up some double eagles, and was turning to the counter to

pay the check, when Simpson said he did not want the money just then, but would call again. He said the bank then had sufficient of defendant's money on hand to have paid the check, and could have paid it at any time within an hour afterwards.

On this state of facts, the plaintiff asked the Court to instruct the jury, as follows:

"In this case the defendant was the drawer of the check described in the complaint, the plaintiff was the payee, and the banking house of B. F. Hastings & Co. was the drawee. If the plaintiff went to the banking house of B. F. Hastings & Co. within the usual banking hours of same day the check was delivered to plaintiff, to demand payment of his check, and found the bank closed, that circumstance excused him from making the presentation for payment in order to charge defendant."

The Court refused so to instruct the jury, and plaintiff excepted.

Judgment was rendered for the defendant, and the plaintiff appealed.

*McKune & Welty*, for the Appellant.

The Court erred in refusing to instruct the jury, that the fact that the bank was closed when he returned for his money, excused him from making presentation. The bank was closed at 11 A. M. Plaintiff returned at 2 P. M. Presentation to the cashier was then impossible. The bank was in the hands of the sheriff. (Parson on Bills and Notes, vol. 1, p. 457. *Simpson* v. *Pacific M. L. Ins. Co.*, 44 Cal. 139.)

*Robert C. Clark,* for the Respondent.

By the COURT:

1. There was a substantial conflict in the evidence, as to the purpose had in view by the plaintiff in the presentation of the check at the bank—that is, whether that presentation was made with the intent to receive payment at the time,

or merely to identify himself as the holder of the check—
and the jury having found for the defendant, and the Court
below being satisfied with the verdict, we ought not to dis-
turb it here.

2. The instruction asked by the plaintiff, to the effect
that if he went to the bank within the usual banking hours
of the same day on which the check was delivered to him,
for the purpose of demanding payment, and found the bank
closed, he was thereby excused from making actual pre-
sentation for payment, was correctly refused, because fail-
ing, as it did, to refer in any wise to the legal effect of the
transaction occurring at the bank in an earlier part of the
same day concerning the check, and which formed the real
subject of the controversy, it was calculated to mislead the
jury.

Judgment and order denying new trial affirmed. Remit-
titur forthwith.