THE BANK *v.* BUCHANAN.

(*Knoxville.* SEPTEMBER 25, 1888.)

PRINCIPAL AND SURETY. *Discharge of surety. Renewal with forged note.*

Sureties are not discharged from liability on their note, where, without fraud or negligence of the payee, their obligation is surrendered upon the faith of a renewal note to which their insolvent principal has forged the names of other sureties. The forged note, being void, does not satisfy the original note.

Cases cited and approved: Wade *v.* Street, 2 Head, 609; Wright *v.* Overall, 2 Cold., 345; Naff *v.* Crawford, 1 Heis., 124; Kirtland *v.* Railroad, 4 Lea, 421; McNaily *v.* Marshall, 7 Hum., 229; Hubbard *v.* Fravell, 12 Lea, 304; Box *v.* McElvey, 8 Heis., 861; 37 Ind., 68; 73 Penn. St., 400; 3 Hawk's, N. C., 568; 3 Penn., 330.

FROM M'MINN.

Appeal from the Chancery Court of McMinn County. S. A. KEY, Ch.

W. D. HENDERSON for Bank.

W. L. HARBISON for Defendants.

FOLKES, J. This is a bill by the bank to recover of Hale and Carver the sum of $85, being the amount of a note made ·by Buchanan, Hale, and Carver jointly, and discounted by the bank for the benefit of Buchanan, the other makers being,

as between the parties, sureties for Buchanan, credit being given solely to Hale and Carver.

At its maturity said note was surrendered and canceled upon the delivery to the bank by Buchanan of another note for the same amount, purporting to be executed by said Buchanan, and McKamy and Bond, which was accepted by the bank in renewal of the first note. The last note was surrendered and canceled at maturity, upon the delivery to the bank of a note for $275, purporting to be executed by Buchanan, McKamy, and Bond; this note being taken in renewal of the second note for $85, and for the advance or loan of the difference between the face of the note and the $85. Upon default being made in the payment of the last note, and proper steps being taken to collect the same, it was developed that the signatures of McKamy and Bond were forged to both notes upon which their names appeared, and that Buchanan had fled the country.

This suit is now brought to recover the amount of the principal and interest on the genuine note of Buchanan, Hale, and Carver, upon the ground that the note of Buchanan, McKamy, and Bond, taken in renewal thereof, being a forgery, was absolutely void, and not operative as a satisfaction and discharge of the debt represented by the genuine note.

The Chancellor gave decree for complainant, and defendants Hale and Carver have appealed.

3

For appellants it is insisted that the debt sued on has been paid off and discharged, and that the extension of time given to the principal debtor by the acceptance of renewal notes operated to discharge them as sureties.

There is no error in the decree. It is well settled that payments in forged paper, spurious bills, or in base coin is void, and leaves the original debt in full force and effect, where there has been no fraud nor improper conduct on the part of the party receiving such forged paper; alike, whether it be received in payment of an antecedent debt, or for the payment of goods or other present consideration. See *Anderson* v. *Hawkins,* 3 Hawk's (N. C.), 568; *Ramsdale* v. *Horton,* 3 Penn., 330.

In *Wade* v. *Street,* 2 Head, 609, this principle is announced, although it was not the point adjudged in the case, the question there being as to the solvency, *not* the *genuineness,* of certain bank notes given in payment of a debt.

This announcement being distinctly recognized in *Wright* v. *Overall,* 2 Cold., 345, in *Naff* v. *Crawford,* 1 Heis., 124, and in *Kirtland* v. *M. & T. R. R.,* 4 Lea, 421, although in these cases, as in the first, it was not the point decided. See also *Box* v. *McKelvey,* 8 Heis., 861.

In *Allen* v. *Sharpe,* 37 Ind., 68, the case is made substantially as presented here, and decided in the same way. To the same effect is *Ritter* v. *Lingmaster,* 73 Penn. St., 400.

The Bank *v.* Buchanan.

There being no pretense of bad faith, or any negligence or improper conduct on the part of the bank, the fact that these defendants were sureties can make no difference, it being equally as well settled that the fraud of the principal, without participation of the creditor, will not release the sureties.   *McNairy & Hay* v. *Marshall*, 7 Hum., 229; *Hubbard* v. *Fravell*, 12 Lea., 304.

Let the judgment be affirmed with costs.