Godfrey *et al. v.* Crisler *et al.*

No. 13,878.

GODFREY ET AL. *v.* CRISLER ET AL.

PROMISSORY NOTE.—*Payment.*—*Allegation of.*—*Burden of Proof.*—The burden of proof is upon the party who alleges payment, and if he asserts that he paid anything besides money, he assumes the additional burden of proving that what was received was taken in payment, and at the risk of the creditor.

SAME.—*Void Paper.*—*Acceptance of.*—*Prior Liability.*—The acceptance from a debtor of paper which the maker had no capacity to execute, in ignorance of the facts, will not discharge a prior liability, even though there be an express agreement to that effect.

SAME.—*Debtor.*—*New Security.*—*Original Contract.*—Where a debtor gives a new security in discharge of a prior obligation, if the new one is void, or avoided, the creditor may sue on the original contract.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*W. W. Labert, W. A. Moore* and *J. O. Marshall,* for appellees.

MITCHELL, C. J.—This was an action by Nancy A. Crisler to foreclose a mortgage executed by Newton E. Charlton and wife, covering certain real estate which the latter conveyed, after the mortgage to the plaintiff had been executed and duly recorded, to Mrs. Godfrey. The mortgagors and subsequent purchaser were made parties. The mortgage was given to secure two notes, one for $150, due in one year, the other for $50, due in two years; both of which were given for unpaid purchase-money due from Charlton to Mrs. Crisler. It is alleged in the complaint that upon the sale of the mortgaged real estate by Charlton to Mrs. Godfrey the latter, with her husband, executed two notes in consideration of certain personal property purchased by the husband from Charlton; that one of the notes was for $110, the other for $50, both of them payable to the defendant, and secured by mortgage on the real estate conveyed by Charlton to Mrs.

Godfrey. It is further averred that the notes thus executed and secured were delivered by Charlton to the plaintiff, and that they were received by her and credited on the amount due her from Charlton, under the belief that they had been given in consideration of purchase-money due from Mrs. Godfrey to Charlton. The plaintiff alleges that she did not receive the notes in payment, at her own risk, nor agree to accept them in satisfaction of so much of the debt due her, and secured on the real estate. It is averred that Godfrey is utterly insolvent, and that his wife signed the notes as surety merely, without having received any part of the consideration. The plaintiff brings the notes so received into court, and offers to surrender them up, and prays that her mortgage may be foreclosed as if no credit had been endorsed on the notes therein described, which she alleges are due and unpaid.

It is admitted by the answer that Mrs. Godfrey executed the notes, which Charlton delivered to the plaintiff, as surety for her husband ; but it is averred that they were received in payment and satisfaction *pro tanto* of the debt described, or mentioned, in the complaint. There is no question made upon the pleadings, which simply present the issue, whether or not the notes executed by Godfrey and wife were accepted as payment of the debt due from Charlton to the plaintiff, and secured by mortgage on the real estate subsequently conveyed by the latter to Mrs. Godfrey.

It is conceded in an agreed statement of facts that Godfrey was insolvent when the notes executed by himself and wife were delivered to the plaintiff by Charlton, and that his wife signed them as surety for her husband in October, 1885, and that as to her they are. consequently void. It is also agreed that the notes were received by the plaintiff under the belief that they were given in consideration of unpaid purchase-money due from Mrs. Godfrey to Charlton, and that unless the taking of these notes operated as payment of the notes sued on, no payment has been made upon them.

The burden of proof is upon the party who alleges payment, and if he asserts that he paid in anything besides money, he assumes the additional burden of proving that what was received was taken in payment, and at the risk of the creditor. *Cheltenham, etc., Co.* v. *Gates Iron Works*, 124 Ill. 623; *Hunter* v. *Moul*, 98 Pa. St. 13; *Brown* v. *Olmsted*, 50 Cal. 162.

The doctrine upon which the judgment appealed from must be affirmed is thus stated in *Muldon* v. *Whitlock*, 1 Cowen, 290 : " No principle of law is better settled, than that taking a note either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor. Nor does the taking a note, and giving a receipt for so much cash, in full of the original debt, amount to evidence of such express agreement to take the note in payment. The agreement must be clearly and explicitly proved by the original debtor, or he will still be held liable." *Albright* v. *Griffin*, 78 Ind. 182; *Bristol, etc., Co.* v. *Probasco*, 64 Ind. 406.

" Paper is no payment where there is a precedent debt. For where such a note is given in payment it is always intended to be taken under this condition, to be payment if the money be paid thereon in convenient time." *Ward* v. *Evans*, 2 Lord Raym. 928. " The books all agree that there must be a clear and special agreement that the vendor shall take the paper absolutely as payment, or it will be no payment, if it afterwards turns out to be of no value." *Johnson* v. *Weed*, 9 Johns. 310; *Ontario Bank* v. *Lightbody*, 13 Wend. 103.

The contention of the appellant that there is no evidence tending to show that the plaintiff was imposed upon or overreached is of no consequence, nor are there any considerations of an equitable character which can have weight. The issue was whether or not the plaintiff had received the notes executed by Godfrey and wife in payment of a debt which

is confessedly valid and unpaid unless the notes were received under an express agreement that they should operate as payment. This issue was found against the defendants, and the evidence sustains the finding. Indeed, it may be doubted whether an ·express agreement to accept the notes in satisfaction would have concluded the plaintiff, since it is admitted that she believed at the time she received them that they were given upon a consideration which would have made them valid and binding upon Mrs. Godfrey, the only solvent maker.

The acceptance from a debtor of forged paper, or paper which the maker had no capacity to execute, in ignorance of the facts, will not discharge a prior liability, even though there be an express agreement to that effect.

It is a general rule that where a debtor gives a new security in discharge of a prior obligation, if the new one is void or avoided, the creditor may sue on the original contract. *Bank* v. *Buchanan*, 87 Tenn. 32 (1 Lawyers' Rep. Ann. 199, and note).

The judgment is affirmed, with costs.

Filed Nov. 27, 1889.