### ESTEY *et al.* v. BIRNBAUM.

1.  In an action to recover an organ, under a chattel mortgage to secure the
    price, defendant testified that plaintiff's agent, who held the notes for
    collection, had testified on a former trial that an order previously given
    him by defendant's father had been accepted by him in full payment of
    the notes. *Held*, inadmissible, it being the admission of an agent after
    the act.

2.  One who claims that an order was received in full payment of an anteced-
    ent indebtedness must establish the fact that it was expressly agreed
    that it should be so accepted, or that the order has been paid.

(Opinion filed Aug. 5, 1896.) ·

Appeal from circuit court, Pennington county.    Hon. A.
J. PLOWMAN, Judge.

Action in claim and delivery.    From a judgment in favor
of defendant, plaintiffs appeal.    Reversed.

The facts are stated in the opinion.

*Schrader & Lewis*, for appellants.

The taking of a note or order upon a third person is not
payment unless so agreed by the parties, and the burden of
proof is on the debtor to establish payment.    Baker v. Baker,
2 S. D. 261; Holmes v. Briggs, 18 Atl. 928.    The declarations
of an agent are only binding on the principal when made in
due course of agency at the time and concerning the act he is
doing.    Bank v. North, 6 Dak. 136.    An agent to collect money
has no authority to accept anything but money in payment.
Union School Co. v. Mosier, 52 N. W. 671; Grayden v. Patter-

son, 13 Ia. 256; Scully v. Dodge, 19 Pac. 807; Wilcox v. Oregon Co., 20 Pac. 228.

*Smith & Brown*, for respondent.

CORSON, P. J. This was an action in claim and delivery, to recover the possession of an organ claimed by the plaintiffs under a chattel mortgage. Judgment for the defendant, and the plaintiffs appeal.

The defendant, in her answer, pleaded payment in full of the chattel mortgage debt. The organ in controversy was sold to the defendant by one Deutsch, who was the agent of the plaintiffs for the sale of their organs at Rapid City. The price agreed to be paid was $125, of which $35 was paid at the time of the sale and a chattel mortgage was executed to secure the balance, evidenced by 18 promissory notes for $5 each, payable monthly. Three of these notes were paid. Deutsch guarantied the payment of the notes, and forwarded them, with the chattel mortgage, to the plaintiffs, at Chicago, Ill. The 15 notes not being paid, the plaintiffs forwarded them to a bank at Rapid City for collection, and they were subsequently delivered by the bank to Deutsch, upon an order of the plaintiff, who instructed Deutsch to collect the same, and in case they could not be collected, to recover possession of the organ under the chattel mortgage. Some months prior to this order for the notes, and direction to collect same or take the property, Deutsch undertook to collect the notes; but whether as agent of the plaintiffs, or to protect himself as guarantor, does not very clearly appear. The defendant being unable to pay, her father, a Mr. Carroll, gave to Deutsch what appears to be a certified or O. K'd bill or order on Fitzgerald Bros,, under whom he was employed as a sub-contractor in the construction of a railroad. Defendant contends that this bill or order was expressly accepted by Deutsch in full payment, but none of the notes were surrendered up. Deutsch testifies, in rebuttal, that he took the bill or order under the agreement that, if it was paid by Fitz-

gerald Bros., it should be deemed a payment, but, if not, he would return it; that Fitzgerald Bros. refused to accept it, and that he returned the bill or order to Mr. Carroll the next day; and that it was never paid. The counsel for the respective parties have discussed very fully the power and authority of an agent to accept such an order, and its effect upon the principal, and the court, in its instructions, went very fully into that question; but, in the view we take of the case. a consideration of this question will not be necessary in the discussion of this appeal. The defendant having pleaded payment of the notes in full, as a defense to the action, it was incumbent upon her to establish that fact by a preponderance of the evidence.

It will be necessary, therefore, to examine the evidence for the purpose of ascertaining if there was any competent evidence to submit to a jury upon this question. The only evidence upon this subject was that of the defendant, who testified under objection and exception, that Deutsch, on a former trial, testified that he did accept the bill or order in full payment of the balance due on the organ. Was this evidence admissible or competent, as tending to prove that the bill or order was in fact accepted by Deutsch under an express agreement that it should be received in payment of the balance due? Such evidence would undoubtedly have been admissible under certain circumstances, not now necessary to discuss, for the purpose of contradicting the evidence given by Deutsch on the stand. But the question now being considered is, did it constitute competent, affirmative evidence that Deutsch accepted the order in full payment of the balance due? We are of the opinion that it did not. The question calling for this evidence was objected to on the ground that the statement made by Deutsch on the former trial could not bind the plaintiffs. The objection was overruled, and in this ruling, we think, the court committed reversible error. The evident object and purpose of the testimony, at the time it was offered, was to show that Deutsch had admitted that he accepted the order upon the express agree-

ment that it should be received in full payment; and such must have been the understanding of the jury as the evidence was admitted as competent evidence in the case. The evidence was not admitted on the theory that evidence of what a deceased witness testified to on a former trial is admissible, as Deutsch was present in court and testified on the trial. Assuming, therefore, that the evidence was offered and given to prove the admission of Deutsch at the former trial as to his acts and agreement made with Carroll, as the agent of the plaintiffs, it was clearly inadmissible. What an agent says or does, within the scope of his authority, while engaged in doing the act he is authorized to do, may bind his principal, but his admissions made subsequently do not bind him. La Rue v. Elevator Co., 3 S. D. 637, 54 N. W. 806. In that case the rule as to the admissions of an agent is thus stated in the headnote: "The statements, representations or admissions of an agent, to be admissible, in evidence to bind his principal, must have been made at the time of doing the act he is authorized to do, and must have been concerning the act he was doing, either while actually engaged in the transaction, or so soon thereafter as to be in reality a part of the transaction, and constitute a part of the *res gestæ,*" The law, as applicable to the admissions of an agent, is so fully discussed in the opinion in that case that a further discussion is unnecessary. Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226. If this evidence as to what Deutsch testified to on a former trial had been excluded, as it should have been, there would have been no evidence before the court tending to prove an express agreement on the part of Deutsch, whether authorized or not, to accept the bill or order in full payment of the balance due on the organ, and the court would have been called upon to so instruct the jury. As before stated one who claims that an order was received in full payment of an antecedent indebtedness must establish the fact that such order has been paid, or that it was expressly agreed that it should be so accepted. This seems to be the settled law. Ba-

ker v. Baker, 2 S. D. 261, 49 N. W. 1064; Holmes v. Briggs (Pa. Sup.) 18 Atl. 928. In a note to the latter case the annotator states the rule as follows: "As a general rule the acceptance of a check or note"—and the same rule applies to an order —"for a precedent indebtedness operates as a conditional payment only; and, unless it is afterwards paid, as agreement to receive it as absolute payment must appear." And the annotator cites, among others, Good v. Singleton, 39 Minn. 340, 40 N. W. 359; Godfrey v. Crisler, 121 Ind. 203, 22 N. E. 999; Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374; Comptoir D'Escompte de Paris v. Dresbach (Cal.) 20 Pac. 28.

The defendant, having failed to give any competent evidence that the order was either, in fact, paid, or that there was an express agreement that the order should be accepted in full payment, the plaintiffs were entitled to the possession of the organ under the terms of the. chattel mortgage. The court in its charge to the jury, assumed that there was evidence sufficient to authorize a verdict for the defendant. In this the court was clearly in error. In this assumption the court must have treated the evidence as to Deutsch's admission as a witness on the former trial as properly before the jury, as there was no other evidence upon which such an assumption could have been based. It clearly appears, therefore, that the admission of that evidence was controlling in the case, and constituted the evidence upon which the charge of the court was based, and upon which the jury found a verdict in favor of the defendant.

The learned counsel for the respondent contend that the defendant denied that she executed the chattel mortgage, and therefore the jury may have found a verdict in her favor upon that issue, and hence that the admission of the evidence of the statements of Deutsch, if erroneous, would not entitle the plaintiffs to a reversal of the judgment. We think this position is not tenable, for the reason that that point was not raised in the court below, and the case was tried upon the theory that the defendant duly executed the chattel mortgage. But, if this

was not so, the evidence was all one way upon that subject; and, had the jury found in favor of the defendant upon that issue, the verdict would have been so clearly unsupported by the evidence that this court would have been compelled to set it aside. The judgment of the circuit court, and the order denying a new trial, are reversed, and a new trial ordered.