MANITOBA MORTG. & INV. CO., Limited, v. WEISS *et al.*

A creditor received in payment a check of a third person drawn on a bank in another town. The name of the debtor did not appear on the check. The creditor did not attempt to collect it until five days after receiving it, and by reason of the delay the check was not paid, while it would have been if transmitted for collection on the day following its receipt. Held, that the negligence of the creditor in not transmitting the check for collection on the day following its receipt, as required by the common law, converted the check into an absolute payment of the debt; Civ. Code 1903, § 2256, exonerating drawers and indorsers of bills of exchange not presented for payment within 10 days after they could be transmitted for presentment, not being applicable.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Hutchinson county; Hon. E. G. SMITH, Judge.

Action by the Manitoba Mortgage & Investment Company against Adam Weiss and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Crawford & Taylor*, for appellants.

*French & Orvis*, for respondents.

CORSON, P. J. This is an appeal from a judgment in favor of the defendants and order denying a new trial. The case was tried to the court, and a certain special issue was submitted to a jury. The action was brought to foreclose a mortgage on which there was a balance due of $318.50, on August 2, 1890. The defendants were residents of Hutchinson county, near Scotland, and on August 2, 1890, they applied to Lavender & Spannagel, a firm engaged in the mercantile business in Scotland, for the sum necessary to pay their note and mort-

gage, which had previously been deposited with that firm by one of the defendants, Adam Weiss. Mr. Spannagel informed him that the firm did not have the money just then, and that he would give him a check, and send it to the agents at Huron. Spannagel then wrote a check on the Bank of Scotland for the sum above named, in favor of Kelly & Read, the agents of the plaintiff at Huron, and signed the firm name of Lavender & Spannagel. He also wrote a letter to Kelly & Read inclosing this check, addressed to them at Huron. The check and letter were delivered to the defendant Weiss to mail, and defendant Weiss deposited this letter in the postoffice at Scotland. On the 9th day of August the check was deposited by Kelly & Read in the First National Bank of Huron for collection. This bank forwarded the check for collection on August 11th, through the Sioux National Bank of Sioux City. It was presented for payment at the Bank of Scotland, in Scotland, the bank upon which it was drawn, on August 14th, and payment was refused for want of funds to the credit of the drawers, Lavender & Spannagel having failed on the 12th of the same month. It was protested for nonpayment on the same day. Upon the 9th Kelly & Read, the agents of the plaintiff, wrote to Weiss a letter inclosing the note and mortgage, together with a coupon, a commission note, a junior mortgage, and a discharge of the same, and in the letter says: "Your $318.50 pays up in full. We will forward release in a few days." The defendant Weiss did not sign the check as indorser, maker, or guarantor, and his name did not appear upon the check in any manner.

It was stipulated at the trial: (1) That a letter properly stamped and addressed to a person residing at Huron, S. D., if

mailed at Scotland, S. D., during the forenoon of any business day during the month of August, 1890, would, by due course of mail, have reached Huron on the first business day following said mailing; if mailed at Scotland during the afternoon of any business day during the month of August, would, by due course of mail, have reached Huron on the second business day thereafter. (2) That between the 2d day of August and the 13th day of August, 1890, the firm of Lavender & Spannagel deposited in the Bank of Scotland the sum of $3,637.41, $217 thereof being deposited on the 12th day of August, 1890. (3) That between the 3d day of August and the 13th day of August, 1890, the firm of Lavender & Spannagel drew checks on said Bank of Scotland, which were paid by said bank, amounting to $3,175 75, $125.50 thereof being paid on the 12th day of August, 1890. (4) That all checks drawn on said bank by said firm of Lavender & Spannagel which were presented for payment between the 2d day of August and 12 o'clock noon on the 12th day of August, 1890, were paid in full by said bank. (5) It is admitted that the firm of Lavender & Spannagel ceased doing business on the afternoon of the 12th day of August, 1890, their entire stock of goods and other property being levied upon that day by the sheriff of Bon Homme county under execution in the case of T. O. Bogart against Lavender & Spannagel. The issue submitted to the jury was, on what day did Kelly & Read receive the letter Exhibit B and check for $318.50 at Huron, S. D.? To which the jury answered that the check was received at Huron, August 4, 1890. This finding of the jury was adopted by the court, and the court further finds that there was no express agreement between plaintiff and defendants that said check should be received in full pay-

ment and satisfaction of the indebtedness due and owing on said note and mortgage. From the findings the court concludes that the receipt of said check by Kelly & Read from the defendant Adam Weiss operated at the time of its receipt as a provisional payment only of the note and mortgage described in the foregoing findings of fact; that the debt would remain until discharged by the payment of the check, or by such dealing with it by plaintiff or its agents as would, in judgment of law, convert what was originally a provisional payment into an absolute one; that the plaintiff, by its agents holding said check from the 4th day of August, 1890, until the 9th day of August, 1890, was guilty of such negligence as would and did, in judgment of law, convert the provisional payment into an absolute payment of said note and mortgage; and that the note and mortgage sued on were fully paid by the defendants before the commencement of this action.

It is contended by the plaintiff and appellant that the court erred, in making its conclusions of law, in finding that the receipt of the check by Kelly & Read for $318.50 from the defendent Adam Weiss, and the holding of the same until August 9, 1890, was such negligence as did in judgment of law convert the provisional payment into an absolue payment of said note and mortgage, and in finding that the note and mortgage were fully paid by defendant before the commencement of the suit. It is further contended by the appellant that the case is governed by section 2256, Civ. Code 1903, which reads as follows: "If a bill of exchange payable at sight or on demand, without interest, is not duly presented for payment within ten days after the time in which it could, with reasonable diligence, be transmitted to the proper place for such presentment, the

drawer and indorsers are exonerated unless such presentment is excused"—and that the check in question was in law a bill of exchange, and was in fact presented within the time specified in the above quoted section.  It will be observed that the section provides that the drawers and indorsers are exonerated in case the bill shall not be presented for payment within 10 days after the time in which it could with reasonable diligence be transmitted to the proper place for such presentment.  Lavender & Spannagel were the drawers, and the check was drawn payable to the order of Kelly & Read, and not to the defendant Weiss.  We are of the opinion that the respondents are right in their contention, and that the section of the Code above quoted has no application to the case, and that it must be controlled by the rule as established by the common law.  Under that rule we are of the opinion that the court was right in its conclusions of law, that it was the duty of Kelly & Read to have forwarded the check on the following day after its receipt for presentment and collection.  Had they so forwarded it, presumptively it would have been presented to the bank for payment not later than the 10th or 11th of August, when it seems the checks of Lavender & Spannagel were paid in full by the bank.  At common law the drawee of the check has until the following day after its receipt to present it for payment as between himself and the drawer, when drawn on a bank in the same town or city where the check is given and received.  When drawn on a bank in a different place, the drawee has the same time, and in addition thereto such time as will be required to transmit it to the place of payment by due course of mail.  Mowhawk Bank v. Broderick, 13 Wend. 133, 27 Am. Dec. 192; Smith v. Miller, 43 N. Y. 171, 3 Am. Rep.

690; Simpson v. Pacific Mutual Life Ins. Co., 47 Cal. 585.   The drawees of a check, in the absence of an express agreement that the same should be received as payment, may still recover the amount therein specified on the drawers in case the check is duly presented and dishonored (Estey v. Birnbaum, 9 S. D. 174, 68 N. W. 290); but, whenever the failure to collect the check results from the negligence of the drawees, the acceptance of the check constitutes payment, and this doctrine is applicable to checks and notes of third parties taken in payment of a debt not signed or indorsed by the debtor (Kilpatrick v. Home Building & Loan Association, 119 Pa. 30, 12 Atl. 754; Anderson v. Gill [Md. ], 29 Atl. 527, 25 L. R. A. 200, 47 Am. St. Rep. 402).   In the former case the Supreme Court of Pennsylvania, speaking upon the subject, says:   "It cannot, of course, be claimed that the receipt of Beeby's check was per se payment of the association's claim.   It is well settled that, in the absence of an agreement to the contrary, a check or promissory note of either the debtor or a third person, received for a debt, is merely conditional payment—that is, satisfaction of the debt if and when paid—but that acceptance of such check or note implies an undertaking of due diligence in presenting it for payment, etc.   And if the party. from whom it is received. sustains loss by want of such diligence it will be held to operate as actual payment."   In the latter case the Supreme Court of Maryland used the following language:   "But whilst a check drawn bona fide on a banker having funds of the drawer is prima facie payment, if accepted as cash (Woodville. v. Reed, 26 Md. 190), still in the absence of an express agreement, the acceptance of a check of either the debtor or a third party is in fact merely conditional payment—that is, satisfac-

tion of the debt if and when paid (Haines v. Pearce, 41 Md. 221); but the acceptance of such check implies an undertaking of due diligence in presenting it for payment, and if the party from whom it is received sustains loss by want of such diligence it will be held to operate as actual payment." See, also, First National Bank of Meadville v. Fourth Nat'l Bank of N. Y., 77 N. Y. 320, 33 Am. Rep. 618; Comer v. Dufour, 95 Ga. 376, 22 S. E. 543, 30 L. R. A. 300, 51 Am. St. Rep. 89.

It clearly appears from finding 13 that had the check of Lavender & Spannagel been presented for payment to the bank at Scotland within the time it should have been presented at common law the check would have been paid.   The failure to collect the check was due, therefore, to the negligence of the agents of the plaintiff in retaining it at Huron several days after it should have been forwarded for collection.   The court was clearly right, therefore, in its conclusions of law that the plaintiff, through its agents, was guilty of such negligence as would in judgment of law "convert the provisional payment into an absolute payment of said note and mortgage."

It is contended by the appellants that the court should have directed the jury to find upon the evidence of the agent Read that the check was not received at Huron until the 9th day of August, but this contention is untenable.   The question was one of fact for the jury and the court.   Mut. Reserve Fund Life Ass'n v. Hamlin, 139 U. S. 297, 11 Sup. Ct. 614, 35 L. Ed. 167; Marston v. Bigelow (Mass.), 22 N. E. 71, 5 L. R. A. 43; Pennypacker v. Capital Ins. Co. (Iowa), 45 N. W. 408, 8 L. R. A. 236, 20 Am. St. Rep. 395; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Briggs v. Hervey, 130 Mass. 186; Huntley v. Whittier, 105 Mass. 391, 7 Am. Rep. 536.

The finding of the jury and court that the check was received at Huron on the 4th is sustained by preponderance of the evidence, or at least we cannot say that there was a preponderance of evidence against the finding of the court.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.