COWING, Respondent, v. CAHILL, et al, Appellants.

(229 N. W. 298.)

(File No. 6810. Opinion filed February 21, 1930.)

*E. H. Zempel,* of Milbank, and *Waddel & Daugherty,* of Webster, for Appellants.

*McFarland & Kremer,* of Watertown, for Respondent.

BROWN, P. J.   In December, 1923, plaintiff, who resided at Summit, S. D., purchased two tracts of land in Grant county at tax sale and received the usual tax certificate for each.   Within time for redemption both tracts were redeemed, one about July 8th and the other about July 21, 1925.   The county treasurer immediately notified plaintiff of each redemption, and plaintiff promptly mailed to the treasurer his tax certificates.   Immediately on receipt of the certificates the county treasurer mailed to plaintiff checks on Big Stone City State Bank for the redemption money on each certificate, one of such checks being mailed July 9th and the other July 23d.   Plaintiff received the checks, but did not present them for payment because, as he testified, he figured he had money enough in the Summit Bank, and he did not wish to deposit them for collection through that bank.   He held the checks until after Big Stone City State Bank closed on October 21st, after which he offered to return them to the county treasurer and demanded that the treasurer pay him the amount of the redemption money, which being refused he brought this action, in which the trial court made findings and gave judgment in his favor, and, from the judgment and an order denying a new trial, defendants appeal.

At all times from his receipt of the checks until the failure of the bank on October 21st, the treasurer had on deposit in Big Stone City State Bank an amount much in excess of the amount of both checks, and, had the checks been presented for payment at any time during said period, they would have been paid.

The statute (section 6799, R. C. 1919) provides that, on redemption being made, the treasurer shall enter a memorandum thereof in the list of sales and give to the person redeeming a receipt for the amount of the payment and "hold the money subject to the order of the purchaser."   Plaintiff seeks to sustain the judgment of the trial court on the theory that, while he received

the checks and held them for three months without either offering to return them or presenting them for payment, yet nevertheless he had given the treasurer no order as to the disposition of the redemption money. We think he is mistaken in this view. The statute does not require him to send in his tax certificates to the treasurer at all. Tax certificates are surrendered to the treasurer merely as authority for the treasurer to pay the redemption money to the holder. They are in the nature of a receipt to the treasurer for the redemption money, and when plaintiff sent in his tax certificates he in effect gave the treasurer an order for the payment to him of the redemption money. When he received the checks he was bound to present them for payment within a reasonable time, or, if he did not want to accept the checks, he should have returned them and should have gone to the office of the county treasurer if he wanted to be paid in cash instead of by a check. The county treasurer was under no obligation to carry cash from the treasurer's office in Milbank, the county seat of Grant county, to plaintiff's residence in Summit, Roberts county. While the checks were only conditional payment, subject to being honored on due presentation, yet upon plaintiff's failure to present the checks for payment within a reasonable time, during which the checks would have been paid if presented, the conditional payment became absolute, and the loss due to the failure of Big Stone City State Bank must fall upon plaintiff. Manitoba Mortgage & Investment Co. v. Weiss, 18 S. D. 459, 101 N. W. 37, 112 Am. St. Rep. 799, 5 Ann. Cas. 868; 48 C. J. 619; 21 R. C. L. 66, § 65; Conde v. Dreisam Gold Mining Co., 3 Cal. App. 583, 86 P. 825.

The judgment and order appealed from are reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.