RIEDMAN ET AL. *v.* MACHT.

[No. 14,298. Filed December 23, 1932. Rehearing denied April 6, 1933. Transfer denied January 26, 1934.]

*Albert P. Heeb* and *Wiles, Springer & Roots,* for appellants.

*Alonzo R. Feemster, Allison M. Feemster,* and *Adolph H. Zwerner,* for appellee.

WOOD, J.—Appellee has filed a petition for a rehearing of this cause. Said petition is granted and this opinion is now rendered in lieu of and supersedes the opinion of this court rendered upon July 26, 1932.

Previous to September 26, 1927, the appellants had

been engaged in highway construction work as partners. The appellee rendered services and furnished materials for appellants on one of the road contracts, on which they were owing him a balance of $2495.66. On the above date, appellants made a settlement of all accounts outstanding against the partnership, drew a check for the amount due appellee payable to his order, which was placed in the possession of appellant William S. Nugent, to be, by him, delivered to appellee, in payment of said sum of $2495.66. On the same date appellants made a settlement between themselves, divided their profits and dissolved the partnership theretofore existing between them. Nugent never delivered the check to appellee; what became of it is not clear from the evidence. Nugent drew out the money which was on deposit in bank to pay the check, and appropriated it to his own use without the knowledge or consent of his former partners. On January 10, 1929, Nugent executed and delivered his individual promissory note to appellee for the principal sum of $2495.66, due three months after date. Interest, in the sum of $37.42 was paid on this note April 10, 1929, and a renewal note, dated April 11, 1929, for the same amount, time, and rate of interest was executed by Nugent and delivered to appellee. The circumstances surrounding the execution and delivery of these two notes are in controversy between the parties. Appellee's ledger sheet on which the account between himself and appellants was kept showed a credit to appellants on March 27, 1929, of $2495.66. The purpose for which this entry was made is in controversy. The renewal note given by Nugent was not paid. On January 27, 1930, appellee brought suit against the appellants on a complaint in one paragraph on account for material and merchandise furnished, and work and labor performed by appellee for appellants. Appellants filed an answer in two

paragraphs to this complaint, the first was general denial, the second payment. To the second paragraph of answer appellee replied in general denial.

On the issues thus formed the cause was submitted to the court for trial without a jury. Judgment was rendered for appellee. Appellants filed a motion for a new trial which was overruled. They have appealed to this court. The only error properly assigned is the action of the court in overruling their motion for a new trial. The causes for a new trial properly alleged and requiring our consideration are: (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) newly discovered evidence.

In their brief, counsel for appellee raised the question of the sufficiency of the record, to present any question for the consideration of this court, on the ground, that the bill of exceptions containing the evidence is not in the record. In response to a writ of certiorari the deficiencies pointed out have been supplied, so we will give this phase of the case no further attention.

The notes given by Nugent, which were introduced in evidence and which it is contended by appellants were accepted by the appellee in payment of the account sued upon, were executed and payable in the state of Kentucky and were therefore governed by the law of that state. "The *lex mercatoria,* the law merchant, is a part of the common law, and governs bills of exchange, but the *lex mercatoria,* did not, at common law, apply to promissory notes," and at common law they were not negotiable as bills of exchange. *Holloway* v. *Porter* (1874), 46 Ind. 62; *Alford* v. *Baker* (1876), 53 Ind. 279; *Patterson* v. *Carrell* (1877), 60 Ind. 128; *Linderman* v. *Rosenfield* (1879), 67 Ind. 246; 8 C. J. §62, p. 54.

The issue was not tendered and there was no proof offered to show that the common law relating to promissory notes is not still in force in Kentucky. ■ Under such circumstances the courts of this state will presume that it still prevails in that state. See authorities cited, *supra*. See also *Gates* v. *Fauvre* (1920), 74 Ind. App. 382, 119 N. E. 155. We hold therefore that the notes given by Nugent and accepted by the appellee were not negotiable.

It has long been the recognized rule of law in this state that when a negotiable note is given for a preexisting indebtedness, that its acceptance raises ■ a presumption that it was received in payment and satisfaction of said indebtedness, but the purpose to be accomplished is made to depend upon the intention of the parties and this may be ascertained from all the facts and circumstances attendant upon and connected with the transaction, but when a nonnegotiable note is given for a pre-existing debt, its acceptance does not raise any presumption that it was received in payment and satisfaction of said indebtedness, and the burden rests upon the party asserting such to be the fact, to prove an express agreement to that effect. *Tyner* v. *Stoops* (1858), 11 Ind. 22; *Maxwell* v. *Day* (1874), 45 Ind. 509; *Bristol, etc., Co.* v. *Probasco* (1878), 64 Ind. 406; *Jeffries* v. *Lamb* (1880), 73 Ind. 202; *Godfrey* v. *Crisler* (1889), 121 Ind. 203, 22 N. E. 999; *Bradway* v. *Groenendyke* (1899), 153 Ind. 508, 55 N. E. 434; *State ex rel. Spend* v. *Traylor* (1921), 77 Ind. App. 419, 132 N. E. 608.

In the case of *Godfrey* v. *Crisler, supra*, Chief Justice Mitchell, in discussing the rule applicable to cases where the question of payment by note was before the court, quoted with approval from *Muldon* v. *Whitlock* (1823), 1 Cowen 290, the following statement of the law: "No principle of law is better settled, than that taking a note

either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor. Nor does the taking a note, and giving a receipt for so much cash, in full of the original debt, amount to evidence of such express agreement to take the note in payment. The agreement must be clearly and explicitly proved by the original debtor, or he will still be held liable." He also quoted with approval the following statement of the law: "Paper is no payment where there is a precedent debt. For where such a note is given in payment it is always intended to be taken under this condition, to be payment if the money be paid thereon in convenient time." *Ward* v. *Evans* (1790), 2 Lord Raym. 928. "The books all agree that there must be a clear and special agreement that the vendor shall take the paper absolutely as payment, or it will be no payment, if it afterwards turns out to be of no value." *Johnson* v. *Weed* (1812), 9 Johns. 309; *Ontario Bank* v. *Lightbody* (1834), 13 Wend. 103."

What was the purpose of the execution of the notes by Nugent and their acceptance by the appellee was a fact to be determined by the trial court from all the evidence in the case. There is evidence in the record which sustains the finding and judgment of the trial court. This court will not weigh the evidence.

This brings us to a consideration of appellant's motion for a new trial because of newly discovered evidence. Appellants set out in their motion four separate causes based upon the grounds of newly discovered evidence to be supplied by four different witnesses.

The attitude of our Supreme Court upon the reception and consideration of motions for new trials because of newly discovered evidence has been well expressed as follows: "The rule is established beyond controversy that applications for a new

trial for newly discovered evidence are viewed with disfavor by the courts. They should be received with great caution, for the reason that there are few causes tried in which something may not be hunted up after the trial, and it extends great temptation to the commission of perjury to admit new evidence after the party who has lost a verdict has had an opportunity of discovering his adversary's strength and his own weakness. The law favors the diligent. A party, therefore, seeking a new trial on account of newly discovered evidence must, if he would succeed, establish every element of his case strongly, clearly, and satisfactorily, both by allegation and proof.

"The facts constituting the diligence used before the trial to obtain the evidence must be pleaded. If it consisted in making inquiries, the time, place, and circumstances must be stated, that the court may know that the inquiries were made in the proper quarter and in due season." *Davis* v. *Davis* (1895), 145 Ind. 4, 43 N. E. 935.

The record fails to show that the appellants have brought themselves within the requirements of the law entitling them to a new trial on account of newly discovered evidence. From the record it appears that the cause was submitted for trial, and evidence heard on June 6, 1930, it was then continued for argument until June 21, 1930, while the decision and judgment of the court was not rendered until September 17, 1930, a period of over three months from the date upon which all the evidence was heard in the case. With all of this evidence before them, with full knowledge of its nature and character, during the entire time from June 6, until September 17, appellants made no effort to discover these witnesses and present their evidence to the court during the trial and before final judgment was rendered, for the trial was not concluded

until there was a finding and judgment. *Burk* v. *Matthews, etc., Co.* (1906), 40 Ind. App. 81, 81 N. E. 88. It is very apparent that appellants did not exercise the diligence which is required under such circumstances.

It is also necessary that a motion for a new trial should be supported by the affidavit of the party and the witness and the failure to present the supporting affidavit of the witness must be satisfactorily accounted for. 2 Watson's Works Practice, §2012. One of the four causes under consideration was not accompanied by the affidavit of the witness nor is its absence satisfactorily explained. One of the causes for newly discovered evidence is supported by the affidavit of appellant Nugent, in which he relates the contents of a purported conversation which he had with appellee at the time he gave the first note. The record shows that he was called to the witness stand to testify as a witness four different times during the trial, on each of which occasions he was subjected to direct and cross-examination by counsel and was asked repeatedly to state the entire conversation between himself and appellee at the time of the execution of both notes. This evidence would have been cumulative at best, so it did not furnish a sufficient reason for a new trial for the cause of newly discovered evidence. 2 Watson's Works Practice, §2008, and authorities there cited.

There is one other insurmountable defect. These four causes for a new trial are supported by the individual affidavit of appellant, Joseph Riedman. We have examined these affidavits with much care, and nowhere in them do we find any allegation showing that there was any diligence exercised by his co-appellants to make timely discovery of the evidence on account of which it was sought to obtain a new trial as newly discovered evidence. *Bertram* v. *State ex rel.* (1903), 32 Ind. App. 199, 69 N. E. 479.

Finding no error the judgment is affirmed.